## McArthur *v.* State.

### Opinion delivered July 21, 1894.

1. *Witness—Impeachment—Collateral matter.*

    The rule that testimony collateral to the issue cannot be contradicted is confined to testimony elicited on cross examination by the party seeking to contradict it, and does not apply to testimony introduced by the other party on examination in chief.

2. *Evidence—Physical examination.*

    In a prosecution for slander in charging the prosecutrix with fornication, where she denies having had sexual intercourse with any man, she will not be compelled to submit to an examination of her person.

3. *Slander—Burden of proof.*

    Where the defense to a prosecution for slander is the truth of the words used, their falsity must be established beyond a reasonable doubt before defendant can be convicted.

4. *Rule as to conflicting presumptions.*

    In a prosecution for a slanderous charge of fornication, it is error to instruct that the presumption is in favor of the chastity of the prosecutrix, as such presumption is incompatible with the legal presumption in favor of the innocence of the defendant.

5. *Instruction—Error not misleading.*

    Giving an erroneous instruction is not cause for reversal if it is apparent that the jury could not have been misled to appellant's prejudice.

Appeal from Pulaski Circuit Court.

Robert J. Lea, Judge.

*P. H. Prince* and *F. T. Vaughan* for appellant.

1. It was error to refuse to allow defendant to prove a succession of specific acts of fornication with the prosecuting witness and others, outside of the acts specially alleged—especially after the State had introduced this issue.

2. It was error to refuse instructions four and five, and to give the substitute on this point. Proof of spe-

cific acts showing the truth of the charge is admissible. 13 Am. & E. Enc. Law, 502; 19 Tex. App. 14; 3 Am. Cr. Rep. 386; 2 Lea, 169; 49 Ark. 449; 54 *id.* 489.

3. It is error to charge that "defendant must prove the charge, etc., * * to be true by a preponderance of the evidence." *State* v. *Wait*, 44 Kas.; 8 Am. Cr. Rep. 482.

4. The question asked Dr. McGee was irrelevant.

5. The conduct of A. W. Rison was improper. Mansf. Dig. sec. 2297; 28 Ark. 531; 34 *id.* 632.

6. It was error to refuse to have Pearl Jones examined by a competent physician. 46 Ark. 275–279; 33 Mich. 112; 3 Am. Cr. Rep. 386; 4 *id.* 563; 102 Pa. St. 408; 1 Thomps. Trials, sec. 850; *Ib.* secs. 852–3–4–5–6, 859, 861; 20 Cent. L. J. 11.

7. The instruction on Pearl Jones' *chastity* was improper. A failure by Pearl Jones to avail herself of an opportunity to have an examination, etc., was a *circumstance* that the jury might consider. The court virtually charged that the presumption was "that Pearl Jones was chaste." There is no such presumption. Bish. St. Cr. sec. 648; 1 Wis. 209; 1 Parker, C. C. 474; 102 Pa. St. 408; 27 N. W. 234. The court, having refused to order the examination, and having refused defendant's instruction on that point, should not have instructed at all in relation to the matter. 54 Ark. 338; 52 *id.* 120; 45 *id.* 256; 24 *id.* 540; 14 *id.* 286; 21 *id.* 69; 23 *id.* 730; 11 A. & E. Enc. Law, 254. In thus instructing the jury the court invaded their province. 45 Ark. 165–173; 49 *id.* 439; 55 *id.* 244; 44 *id.* 115; 2 Thomps. Trials, secs. 2297–8–9, 2300; 49 Ga. 19, 325. The court ought not to tell the jury what presumption they ought to draw from certain evidence. 2 Thomps. Tr. secs. 2284–7–8, 2290, 2304; 48 Ga. 648; 47 *id.* 133, and cases *supra*.

8.  It was error to stop counsel from arguing upon the voluntary neglect of Pearl Jones to have a physical examination.  4 Am. Cr. Rep. 562–3; 2 Thomps. Trial, secs. 951, 989, 993, 1039, 1040.

*James P. Clarke,* Attorney General and *Chas. T. Coleman* for appellee.

1.  In prosecutions for slander by imputing a want of chastity wherein the accused charged her with *specific acts and conduct,* the defense is limited to proof of such specific acts and conduct.  17 Tex. 554; 12 *id.* 458; 2 Hill, (N. Y.), 248; 23 N. E. 677.

2.  At common law the truth was no justification. 2 Bish. Cr. Law, sec. 918.  This is changed by statute. Mansf. Dig. sec. 1817.  When the defendant does not deny the words, but justifies *because they are true,* he takes the burden of proof upon himself.  9 Met. 410. The rule is the same as in insanity.  26 Ark. 334; 43 *id.* 331; 40 *id.* 511; 55 *id.* 499; 50 *id.* 333; 54 *id.* 588.

3.  An examination could have thrown no light upon the matter.  Gray's Anatomy, pp. 977–8.  Moreover, this is not a case in which "the previous chaste character" of the prosecutrix was material.  The remarks of the judge were proper.

RIDDICK, J.  The appellant was indicted for slander by the grand jury of Perry county.  After a change of venue to Pulaski county, he was tried and convicted and sentenced to three years in the State penitentiary. His appeal raises certain questions of law, which we shall state and determine.

The indictment, in substance, charges that appellant slandered one Pearl Jones by falsely uttering and publishing about her words which, in their common acceptation, amounted to charge the said Pearl Jones with having committed fornication and adultery with the sons of appellant.

28

1. Impeach-
ment of wit-
ness in collat-
eral matter. On the trial of the case, Pearl Jones was introduced as a witness for the State, and testified that she had never had sexual intercourse with either of defendant's sons, or any one else. On cross examination, she was asked if she had not had sexual intercourse with Joe Darr, and concerning other circumstances having no connection with the charge in the indictment. To contradict the prosecutrix, and to show that she was a woman of lax morals, the appellant was allowed to introduce proof tending to show that she had committed fornication with Joe Darr, and had been guilty of other criminating acts. The court, in effect, held that testimony concerning these extrinsic facts could only be introduced for the purpose of contradicting and impeaching the witness Pearl Jones, and that the jury could only consider them for the purpose of testing the accuracy of her statements, and to determine the weight that should be given her testimony; that such acts, if proven, did not go in justification of the offense. If there was any error in this ruling of the court, it was in favor of the defendant. Pearl Jones was the prosecuting witness, but she could not be impeached by proof tending to show that she had been guilty of acts of fornication or adultery with men other than the sons of defendant. Much less could such collateral acts of adultery or fornication be considered as a justification of the crime with which defendant was charged.

Sec. 2902, Mansfield's Digest, expressly provides that a witness shall not be impeached "by evidence of particular wrongful acts, except that it may be shown by the examination of a witness or record of a judgment that he has been convicted of a felony." This portion of our statute providing that a witness should not be impeached by evidence of particular acts was only declaratory of the law as it existed at the time. In the case of *Pleasant* v. *State*, 15 Ark. 624, which was a

prosecution for an assault with intent to commit rape, this court, before the passage of the statute quoted above, held that the chastity of the prosecuting witness could not be impeached by evidence of particular acts of unchastity with men other than the defendant, but that it might be impeached by evidence of her general reputation in that respect. The court approved the language of Mr. Greenleaf in the 3 vol. of his work on Evidence, sec. 214, where, speaking of prosecutions for rape, he says: "The character of the prosecutrix for chastity may also be impeached; but this must be done by general evidence of her reputation in that respect, and not by evidence of particular instances of unchastity. Nor can she be interrogated as to her criminal connection with any other person, except as to her previous intercourse with the prisoner himself; nor is such evidence of other instances admissible." When a person is charged with slandering a female, not by saying of her, generally, that she is a lewd woman, but by stating that she has committed certain specific acts of adultery or fornication, the same rule will apply. In the case of *Patterson* v. *State*, 12 Tex. App. 476, the court held that the defendant in a criminal action for slander should not "be permitted to prove any other acts or conduct imputing a want of chastity, except those specifically embraced in the imputation made by him."

The learned judge of the circuit court properly allowed such collateral acts of fornication to be proved in this case for the reason that the prosecuting attorney, in his examination in chief, asked Pearl Jones if she ever had "sexual intercourse with any man." The general rule is that when a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question; but this limitation only applies to answers on the cross-examination. It does not affect answers to the examina-

tion in chief. Wharton's Crim. Ev. (8 Ed.) sec. 484 ; *State* v. *Sargent*, 32 Me. 429. When a party, in his examination in chief, is allowed to inquire about collateral acts, the opposing side will usually be allowed to contradict the witness by evidence showing to the contrary. The prosecuting attorney, after having asked Pearl Jones whether she had had sexual intercourse with either of the sons of defendant, elected to proceed further, and to ask her if she ever had sexual intercourse with any man. It was, therefore, proper to allow defendant to contradict her by evidence tending to show that she had been guilty of such acts of illicit intercourse, though such evidence could not go in justification of the crime, but at most only to contradict and impeach the witness.

2. Physical examination of defendant not compelled. The court refused, on motion of the attorney for the defendant, to compel Pearl Jones, the prosecutrix, to submit to an examination of her person. We think that this ruling of the court was correct. The chaste and virtuous woman would naturally shrink from such an examination, as well as those who were guilty and feared detection, and we hold that the refusal of the prosecutrix to submit to the examination of her own accord raised no presumption against her chastity. Even if we conceded that such an examination would have helped to determine whether or not Pearl Jones had been guilty of illicit sexual intercourse, it would have thrown no light on the question whether or not she had been guilty of adultery with the sons of defendant, which was the question at issue. Many of the courts hold that in prosecutions of this kind the prosecutrix cannot be compelled to answer the question whether she has been guilty of collateral acts of adultery or fornication, for the reason that the question concerns irrelevant matters, and the answer may tend to disgrace the witness. There is much stronger reason why she should be

privileged from an examination which might tend to disgrace her, would throw no direct light on the question at issue, and would shock the modesty of any innocent woman.

In its charge, the court stated to the jury that, if the defendant relied as a defense upon the truth of the words used by him, the burden of proof was upon him "to show, by evidence fairly preponderating, that such words were true." The defendant was accused of slandering Pearl Jones by falsely uttering and publishing about her certain words which amounted, in their common acceptation, to accuse her of having been guilty of fornication with the sons of defendant. The indictment alleged that these words were false. Sec. 1813, Mansfield's Digest, under which this indictment was found, is as follows : "If any person shall falsely use, utter or publish words which, in their common acceptation, shall amount to charge any person with having been guilty of fornication or adultery, such words, so spoken, shall be deemed slander, and shall be actionable and indictable as such." The gravamen of the offense under this statute is the falsely using, uttering or publishing the words which constitute the slander. The allegation in the indictment that the words were false is a material one, and necessary not only to be averred but to be proved to make out the crime.

Mr. Wharton, in his work on Criminal Evidence (8 ed. sec. 720), discusses the question as to when the burden is on the defendant to prove his defense, as follows : "When a defense, in itself purely extrinsic and independent, is set up, all the allegations of the indictment being admitted, then, as we have seen, it is necessary that the defense should be sustained by a preponderance of proof. The principal defenses of this class that have come before the courts are: (1) License, or authority from the State; (2) *Autrefois acquit* or *con-*

*3. Burden of proof as to defenses in slander cases.*

*vict*; and (3) Insanity, when the object is to obtain a
verdict of lunacy. On the other hand, when this
defense traverses any essential allegation of the indict-
ment, then, when the whole evidence is in, the jury, as
we have seen, are to be told that to convict it is neces-
sary that such allegations should be established beyond
reasonable doubt." In the case at bar, the defense that
the language uttered by defendant was true traversed
the essential allegation of the indictment that the words
so uttered were false, and under the rule laid down by
Mr. Wharton, which is sustained by the authorities, it
must be established beyond a reasonable doubt before
defendant can lawfully be convicted.

4. Rule as
to conflicting
presumptions.
        In this connection the court also instructed the jury
as follows: "If the defendant denies using the words
charged in the indictment, and relies upon that as a
defense, and the State proves beyond a reasonable doubt
that he did use or utter them as charged, and that they,
in their common acceptation, amounted to charge Pearl
Jones with fornication, and she denies the truth of this
charge, in the absence of any other proof, this would be
sufficient to justify a conviction, the presumption being
in favor of the prosecuting witness."

        One defect in this instruction is that it, in effect,
tells the jury that if Pearl Jones denies that she was
guilty of fornication, then, in the absence of other proof,
the jury should take the statement as true. The ques-
tion of what weight to give to the testimony of a wit-
ness in a criminal prosecution, and whether they will
believe her or not, is always one for the jury to determine.
We think the court erred, also, in telling the jury that
the presumption was in favor of the chastity of the
prosecuting witness. While it is true, generally speak-
ing, that the law presumes in favor of the chastity of
females, as it does of the good character, honesty, and
innocence of all persons, until there is proof to the con-

trary, yet these presumptions cannot be used to supply the place of evidence against a defendant in a criminal prosecution. "The presumption of virtue of one citizen cannot work the condemnation of another," in whose favor, when charged with crime, the law raises the presumption of innocence until he is proven guilty. In the case of *West* v. *State*, 1 Wis. 187, the supreme court of Wisconsin held that, in a prosecution for seduction, the law did not presume, in the absence of testimony, the previous chaste character of the female; such presumption being incompatible with the legal presumption in favor of the innocence of the accused. These presumptions, say the court in that case, "are always to be used, in the administration of justice, as a weapon of defense, not of assault." The supreme court of North Carolina, in a prosecution where the defendant was charged with slandering an innocent woman by speaking words about her which amounted to charge her with incontinency, held that it was error to charge the jury that the law presumed that the woman was innocent, and that the burden was on the defendant to show to the contrary. "Why," said the court, "should the law presume the prosecutrix in this case to be innocent of a delinquency in morals, if thereby it should raise another presumption that the defendant was guilty of a *crime* which subjected him to punishment? In a case like this, the law raises but a single presumption—the, same which it raises for every defendant on his trial for a criminal violation of the law of his country, of holding him to be innocent until *proved* to be guilty; and to this presumption there is no limit, but it goes to the whole scope of the charge against him, and embraces every averment necessary to constitute the alleged offense." *State* v. *McDaniel*, 84 N. C. 803.

5. When abstract instruction not prejudicial.

It is also urged by counsel for appellant that it was error to give this instruction, for the reason that it instructs the jury concerning a phase of the case that was not before them. The defendant testified in his own behalf, and admitted that he had uttered and published substantially the words alleged in the indictment. It was, therefore, unnecessary to instruct the jury on a view of the case that would have been presented had he denied having used such words. The defendant set up in effect only two defenses: (1) That the words uttered were true; (2) That he had spoken them in good faith, and under circumstances that made them privileged. The court might therefore have confined its charge to the questions of law arising on the phases of the case presented by these defenses. But while it is well for a trial court to avoid, as far as possible, circumlocution and lengthy charges, still, it is, at times, necessary to refer to questions of law not strictly pertaining to the questions before the jury, in order to distinguish and explain the rules of law by which the jury are to be guided. Such matters are left, to a considerable extent, within the discretion of the trial court, and this court will not reverse because the trial court gives an instruction on a phase of the case not presented by the evidence, unless it is apparent that it may have misled the jury to the prejudice of the appellant. We do not see that any harm could have resulted from the giving of this instruction, had the law been correctly stated.

It is insisted that other rulings of the trial court were erroneous, but we have discovered no substantial error except as indicated above. For those errors the judgment of the circuit court is reversed, and cause remanded for a new trial.