EADY v. STATE.

Opinion delivered April 27, 1925.

1. INTOXICATING LIQUORS—EVIDENCE OF SELLING.—Evidence *held* to sustain a conviction of selling whiskey.

2. CRIMINAL LAW—ADMISSION OF EVIDENCE—REVIEW.—The admission of evidence must be reviewed in the light of the circumstances at the time of the objection and ruling.

3. CRIMINAL LAW—ADMISSION OF EVIDENCE—REVIEW.—In a prosecution for selling whiskey, admission of a witness' testimony that another had bought whiskey from defendant for him was not objectionable as relating to a transaction had in the witness' absence, where that fact did not appear until subsequently, upon that fact being developed, the remedy was by motion to exclude the testimony.

4. CRIMINAL LAW—INSTRUCTIONS ALREADY GIVEN.—Refusal to give written instructions covered by oral instructions given was not error, in the absence of a request that they be reduced to writing

5. CRIMINAL LAW—REPUTATION OF ACCUSED.—While accused's good reputation may be considered along with the other evidence in the case in determining whether he is guilty, it is not error to

refuse to charge that his good reputation may be considered as a circumstance in his favor.

6. CRIMINAL LAW—TRIAL—CONDUCT OF COURT.—The court's action in asking a jury to state how they were divided as to numbers, without indicating how they stood as to parties, to which they answered that nine were for conviction, and three against, *held* not reversible error as intended to influence or as actually influencing the verdict.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; affirmed.

*John E. Miller* and *Cul L. Pearce,* for appellant.

*H. W. Applegate,* Attorney General, .and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellant was convicted for selling whiskey. The testimony on behalf of the State abundantly sustains the jury's verdict, as several witnesses testified that they had made a number of different purchases of whiskey from appellant.

The principal assignment of error is that the court erred in admitting certain testimony of Lilburn Malott. This witness testified that he had bought whiskey from appellant within three years of the date of the indictment, and, in his examination by the prosecuting attorney, he testified as follows:

"Q. Do you know anything about Harry Burkett buying any whiskey from him? (I object to that; objection overruled; I except.) A. Yes sir. Q. What do you know about that? (I object to that. The objection is overruled. I except.) A. I got Harry to—(I object to that. Objection is overruled. I except.) Q. Don't tell what you said to Harry Burkett now, but what arrangements or what was done by you and Harry Burkett? A. Harry Burkett bought some whiskey from Jim Eady for me. (I except to that.)"

The objection urged to this testimony is that the witness was allowed to testify concerning a transaction which took place between himself and Harry Burkett in appellant's absence.

The ruling of the court must be reviewed in the light of the circumstances as they appeared at the time the testimony was objected to and the ruling made.    The witness was first asked if he knew anything about Harry Burkett buying any whiskey from appellant, which was, of course, competent, and the objection was properly overruled.    The witness was next asked what he knew about a sale, a question which was likewise competent, and, after being admonished not to tell any conversation he had with Burkett, he answered that Burkett had bought whiskey for him from appellant.

There was nothing in the objections made to this testimony to call the attention of the court to the fact that the witness was testifying to a transaction between Burkett and appellant in the absence of the witness.    So far as the court may have known from the questions asked and the answers given, the witness may have been testifying to a transaction which he had witnessed, and, if it be said that the subsequent testimony of this witness, together with his cross-examination, makes it plain that the witness was in fact testifying to a transaction which occurred between appellant and Burkett in the absence of the witness, and about which the witness could have no personal knowledge, it may be answered that, after this fact was so developed, there was no motion to exclude the testimony, which was apparently competent at the time it was given.

Appellant asked instructions, which the court refused to give, but which were covered by the oral instructions given by the court.    The objection to this action was not that the instructions were not reduced to writing, but that the requested instructions were not given.    Inasmuch as the points embraced in the requested instructions were covered by the oral instructions, no error was committed in refusing the instructions requested.

Moreover, it may be said that the instructions refused dealt with the presumption of innocence and the right of the defendant to testify, and the manner of

weighing that testimony. These instructions were simple in their nature, and there was no opportunity for disagreement about what the court had declared the law to be on these subjects.

As was said in the case of *Merrill* v. *City of Van Buren,* 125 Ark. 248, this is not a case where a copy of the instructions refused and given would have been required in a discussion before the jury of the law of the case as applying to the evidence, nor one in which there was opportunity for disagreement in settling the bill of exceptions, and it may be said here, as was said there, that it affirmatively appears that no prejudice resulted from the failure of the court to reduce the instructions given to writing.

Appellant requested an instruction numbered 5, reading as follows: "If you find from the evidence that the defendant has, prior to the filing of the indictment herein, borne a good reputation in the community in which he lives as being a law-abiding citizen, that you may consider this fact as a circumstance in his favor."

The court refused to give this instruction, and it is insisted, upon the authority of the case of *Rhea* v. *State,* 104 Ark. 162, that this action was error.

A comparison of this instruction with the one approved in the case cited will show a material difference. The instruction in that case told the jury that the evidence of good character should be considered, along with the other evidence in the case, in determining whether the accused was in fact guilty of the offense charged.

The instruction requested contained no such qualification, but would have told the jury as a matter of law to consider good reputation as a circumstance in the accused's favor, whereas the rule, as stated in the Rhea case, is that evidence of good character should be taken into consideration, with all the other evidence in the case, in passing upon the guilt or innocence of the accused, and that if, upon the whole evidence, that of

good character with the other testimony, the jury believed the guilt of the defendant was proved beyond a reasonable doubt, the defendant's good character would not constitute a defense.

It is proper for the jury to consider such testimony, but it should be considered in connection with all the testimony in the case, and it would not be proper in any case for the court to tell the jury what weight to attach to such testimony.

The record recites that, after the jury had been considering the case about half an hour and the adjourning time had arrived, the court directed the sheriff to bring the jury into court, and thereupon the court asked the jury if a verdict had been reached, and, upon being informed that no verdict had been arrived at, the court said: "Gentlemen of the jury, without indicating how you stand as to parties, you can state how you are divided as to numbers," whereupon the foreman, in open court, said: "We stand 9 for conviction and 3 for acquittal," to which said action of the court and the statement of the foreman of the jury in the presence of the court the defendant at the time excepted.

While we have said that this was not a practice to be commended, we also said, in the case of *Evans* v. *State,* 165 Ark. 424, that reversible error was not committed where the court asked how the jurors stood numerically, but did not ask for a statement as to the side on which the majority stood, and a juror, in response to the question, stated the number voting for acquittal and the number voting for conviction, if there was nothing in the remarks of the court eliciting the response which was calculated to unduly influence the jury in arriving at a verdict.

We have set out the recitals of the record in regard to the court's question, and we think it affirmatively appears that this action of the court was not intended to, and did not, influence the verdict of the jury.

It is finally insisted that, during the trial, the jury was permitted to separate without being admonished,

as required by the statute, that it was their duty not to permit any one to speak to or communicate with them on any subject connected with the trial, and that all attempts to do so should be immediately reported to the court, and that they should not converse among themselves on any subject connected with the trial or to form or express any opinion thereon until the case was finally submitted to them. There appears, however, to be nothing in the record upon which to base this assignment of error.

No error appearing, the judgment is affirmed.