CONLEY *v.* STATE.

Opinion delivered November 4, 1929.

Hal L. Norwood, Attorney General, and Robert F. Smith, Assistant, for appellee.

SMITH, J. Appellant was convicted under an indictment charging him with the crime of grand larceny, which was alleged to have been committed by stealing a suitcase and its contents, the property of Mrs. Maggie McKinzie.

For the reversal of the judgment sentencing appellant to a term of one year in the penitentiary, it is first insisted that the verdict was arrived at by a consideration of extraneous matters having no relation to the question of appellant's guilt; but this assignment of error may be disposed of by saying that there is nothing in the record to support it or to require its consideration.

It is assigned as error that, after the jury had reported that an agreement could not be reached, the court inquired how the jury stood as to numbers, without indicating how they stood as to parties. A juror answered that the jury was divided eight to four, and the court then directed that the jury further consider the case. The practical administration of the law in jury trials, both civil and criminal, has made this practice by the trial courts both common and necessary. There was nothing in the question of the court to indicate that the court was attempting to coerce a verdict contrary to the deliberate and final conclusion of any juror, and there was, therefore, no error in asking the question. Eady v. State, 168 Ark. 731, 271 S. W. 338.

The only other assignment of error in the motion for a new trial is that the testimony is insufficient to support the verdict. The testimony tending so to do was to the following effect. Mrs. McKinzie kept a small hotel, and appellant was one of her guests. She had money and other valuables in a suitcase which she kept in her room. She left her room unlocked on one occasion, and as she went out of the room saw appellant standing in the hall into which the room opened. When she returned to her room appellant and the suitcase were gone. Search was made, and it was learned that appellant had gone to another hotel, where he had registered under an assumed name, and the suitcase was found in his room.

Judgment affirmed.