BURTON *v.* STATE.

4263                                    163 S. W. 2d 160

Opinion delivered June 22, 1942.

*John W. Nance* and *Earl C. Blansett,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

SMITH, J.   Appellant was found guilty of voluntary manslaughter and given a sentence of four years in the penitentiary upon his trial under an information charging him with the crime of murder in the first degree, alleged to have been committed by shooting one Newt Chandler.   The shooting was admitted and self-defense was pleaded.

The testimony was voluminous and sharply conflicting in many essential respects, but that offered by the state is sufficient to sustain the verdict of the jury, indeed, it would sustain a higher sentence.   It is to the following effect.   An automobile driven by appellant collided with another driven by one Overholt.   A fight ensued, and Overholt was badly beaten.   Chandler, the deceased, and his father, were seated in an upstairs room in a building in the city of Fayetteville situated across the street from the scene of the fight, and they witnessed it, and they went to the scene of the fight for the purpose, as stated by deceased's father, of stopping it.   The deceased said to appellant: "Burton, you haven't got any business beating that old man up."   When appellant said: "It is none of your d—— business," and began striking deceased.   Deceased and appellant clinched, and during the struggle appellant shot deceased.   According to the testimony offered in behalf of appellant, the de-

ceased took up the fight where Overholt left off, and attempted to take appellant's pistol from him, and in the struggle for its possession the pistol was fired, without any intention of firing it, and the deceased was killed. Appellant was a deputy sheriff, and at the time of the collision of his car with that of Overholt he was taking two prisoners to the municipal court. These issues of facts were submitted to the jury under appropriate and correct instructions.

For the reversal of this judgment it is insisted that the verdict is contrary to the law and the evidence, and that appellant was not given the benefit of the reasonable doubt raised by the testimony. These assignments of error are answered when we say that it was the province of the jury to weigh the testimony and to decide what testimony should be believed, and that offered by the state is sufficient to support the verdict.

It is assigned as error that the trial court erred "in admitting in evidence the alleged extra-judicial confession of the defendant, and in failing to instruct the jury that it should not be considered unless found to be freely and voluntarily made."

The statement referred to as an extra-judicial confession was one which appellant had signed shortly after having been arrested and placed in jail. We find nothing in this statement substantially conflicting with the testimony given by appellant at his trial. But, even so, the statement was introduced without objection.

We have frequently defined the practice where it is contended that a confession offered in evidence was not freely made. This practice is for the court to hear, as a preliminary matter, in the absence of the jury, testimony as to the circumstances under which the confession was made, and to exclude it from the jury if it were not freely made. If, however, there is an issue of fact as to whether the confession were freely made, that question should be submitted to the jury after having heard the testimony as to the circumstances under which it was made, and the jury should be told to disregard the confession if it were found not to have been voluntarily

made. That was not done here, nor was it requested that it should be. No instruction on this question was given, but none was asked. One may not complain of the inaction of the court who does not request the court to act. It is the duty of one who wishes the court to submit an issue to the jury to ask an instruction which does so. See, *Brashears* v. *State,* 203 Ark. 600, 160 S. W. 2d 505.

The action of the court in excluding the testimony of Harrison Leach and Johnnie Pennell is assigned as error. Deceased's father was asked on his cross-examination if his son were not of a pugnacious nature, and the answer was "No." The father was then asked if his son did not shoot one Harrison Leach. The father answered that when his son was 15 years old he had shot at Leach to scare him. Leach and Pennell were called to prove that this was not a boyish prank, but the court excluded that testimony.

The only error in this respect was in permitting the introduction of any testimony in relation to the incident; but appellant is in no position to complain, as he was the offending party who injected that question into the case. It would have been proper to show that deceased was of a violent and turbulent disposition; but this could only have been done by proof of his general reputation to that effect, and not by proof of specific acts of violence having no relation to the offense charged. It was held in the case of *Shuffield* v. *State,* 120 Ark. 458, 179 S. W. 650, that neither good nor bad character can be proved by specific acts or deeds. See, also, *White* v. *State,* 164 Ark. 517, 262 S. W. 338.

Error is assigned in permitting the prosecuting attorney to ask appellant on his cross-examination if he had not been arrested and required to give bond "for shooting a man at Lincoln." It was said in the case of *Parnell* v. *State,* 163 Ark. 316, 260 S. W. 30, that: "The next assignment relates to the ruling of the court in permitting the prosecuting attorney to interrogate appellant, on cross-examination, concerning arrests on other charges. This was done over the objection of appellant,

and exceptions were duly saved. We have frequently held that it is improper to permit a witness to be interrogated concerning mere accusations, or indictments for crime. There are so many of those decisions that it is unnecessary to cite any of them in support of this statement of the law.''

While the admission of this testimony last referred to was error, it was invited error. In support of his good character, appellant had voluntarily stated that he had never been arrested. Having made that statement, it was not error to permit the state to show by the cross-examination of appellant himself that the statement was not true.

The testimony supports the verdict, and as no error appears the judgment must be affirmed, and it is so ordered.