ASHCRAFT *v*. STATE.

4377

189 S. W. 2d 374

Opinion delivered June 25, 1945.

1090

*John L. Hughes,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

HOLT, J. On May 12, 1944, separate informations were filed against appellant, Ralph Ashcraft and C. C. Morton, charging each with the crimes of burglary and grand larceny, and upon a joint trial, both were convicted. Upon appeal, this court on October 9, 1944, reversed the judgment for the error of the trial court in refusing appellant's prayer for a severance, and the cause was remanded for a new trial. *Morton and Ashcraft* v. *State,* 207 Ark. 704, 182 S. W. 2d 675. Upon remand, appellant was tried separately, again convicted on both charges, and his punishment fixed at 19 years in the state penitentiary. This appeal followed.

Nineteen assignments of error are alleged in appellant's motion for a new trial. The first six question the sufficiency of the evidence. Under our long established rule, the evidence submitted at the trial must, on appeal, be viewed in the light most favorable to the State, and if there is any substantial evidence to support the verdict of the jury, it will be sustained. *Higgins* v. *State,* 204 Ark. 233, 161 S. W. 2d 400. Appellant makes no serious contention in his brief that the evidence was not sufficient to support the verdict, but relies primarily on alleged errors which we presently consider.

The evidence shows that the Saline Hardware Store, owned by D. J. Stirman and O. L. Hunter, in Benton, Arkansas, was burglarized and approximately $2,000 in money stolen. Appellant made a written, detailed confession to the crimes and this confession was admitted in evidence against him at the trial. Appellant also made certain oral statements tending to show his guilt. If the trial court properly admitted in evidence appellant's confession to the commission of the crimes alleged, and we hold, as later pointed out, that no error was committed in allowing this confession to go to the jury, we think there was an abundance of testimony to support the jury's verdicts.

Appellant argues that "it was error for the trial court to deny appellant's request for a physician." This contention is untenable for the reason that the record in the present case before us reflects that appellant made no request to the court for the services of a physician and no order or ruling of the court thereon appears. It does appear that on May 15, 1944, prior to the first trial wherein appellant was tried jointly with Morton, appellant, while in jail, filed petition for the services of a physician for the purpose of showing the alleged bruised and lacerated condition of his body resulting from alleged assaults of officers who had him in charge, and that this petition was denied. On the former appeal, *supra,* this court said: "The right to consult a physician might, in some instances, be as valuable as the right to consult an attorney, and we think it was error to have denied this right. Of course, this examination cannot now be made, but defendant should be permitted to show that he requested the examination." In the present case, appellant was permitted to testify, without objection, that prior to his first trial on May 29, 1944, shortly after the alleged assaults upon him by the officers that "I stated before the judge that I would like to have a doctor and have someone look at my back. . . . About 8 or 10 persons examined and looked at my back. Q. That was Saturday after beating on Wednesday? A. Then just looking at my back didn't do any good, because I still hurt. Q. Did you file a petition to the court to request the sheriff to allow you a doctor? A. Yes, sir. Q. You were not able to get that? A. The court refused." It thus appears, as indicated, that appellant was permitted to show at the trial in the present case that he requested the examination in compliance with our former opinion.

Appellant's principal argument for reversal is that the trial court erred in admitting in evidence the confession of appellant for the reason that this confession was obtained by threats, violent beatings and assaults upon his person. It appears that when appellant objected to the admission of the confession, the court pursued the practice many times approved by this court. In *Brown* v. *State,* 198 Ark. 920, 132 S. W. 2d 15, we held: (Headnote

2) "The proper practice is for the court to hear the testimony in the absence of the jury as to the circumstances under which the confession was given, and if there is a substantial question as to whether it was freely and voluntarily made, to submit that question of fact to the jury, after admonishing the jury to disregard the confession unless it was found to have been voluntarily made." So here, the court in chambers, in the absence of the jury, heard many witnesses, both on the part of the State and of the defendant as to the circumstances under which the confession was made and this testimony being in irreconcilable conflict as to whether the confession was voluntarily made, that question was submitted to the jury under proper instructions directing them to disregard the confession and not to consider it for any reason unless they found that it was freely and voluntarily made. We hold, therefore, that there was no error in admitting appellant's confession in evidence. See *Morton and Ashcraft* v. *State, supra,* and *Smith* v. *State,* 205 Ark. 1075, 172 S. W. 2d 248; *Hendrix* v. *State,* 200 Ark. 973, 141 S. W. 2d 852; *Burton* v. *State,* 204 Ark. 548; 163 S. W. 2d 160; *Nelson* v. *State,* 190 Ark. 1078, 83 S. W. 2d 539; and *Davis* v. *State,* 182 Ark. 123, 30 S. W. 2d 830.

Appellant's final argument is that the court erred in denying his petition to disqualify the sheriff for the reason that the sheriff was prejudiced against him and "was one of the principal witnesses for the prosecution, and as such had manifested an attitude of hostility toward the defendant. He should, therefore, not have been permitted to summon the jurors to try defendant, nor otherwise have served in the conduct of the trial." We think this contention wholly untenable. The record discloses that the court, in the absence of the jury, heard testimony on this question and at its conclusion ruled "the burden would be upon the defendant in this case to show that the sheriff is biased and prejudiced and the testimony has been adduced on the part of the defendant to cover that issue and also testimony has been adduced on the part of the State in denial of the allegations of the affidavit and petition. The court is of the opinion or finds that under the testimony adduced before the court

the sheriff is not prejudiced or has not been conducting this case in any way with prejudice toward the defendant in the case.''

After a careful review of this testimony, we think no error appears in the court's ruling. Here there is an absence of any affirmative showing by appellant of prejudice against him by the sheriff and no abuse of the court's sound discretion is pointed out to us. The record does not show that the sheriff selected the jury that tried appellant or any part of it. It does show that there was an order by the court on October 23, 1944, prior to the trial in the instant case on November 3, 1944, directing ''that the said petit jury, being the same jury having been called to serve in the September term of the Saline circuit court, be notified by the sheriff to appear for service on the said date,'' (October 30, 1944). It thus appears that the sheriff was directed to notify, but did not select the jurors. As an officer of the court, the sheriff was required to perform these duties. The fact that the sheriff testified as a witness against appellant did not of itself disqualify him in the performance of his official duties, nor did it show prejudice.

As to appellant's other assignments of error in his motion for a new trial, which he does not argue here, it suffices to say that we have carefully reviewed them and find all to be without merit.

Accordingly, the judgment is affirmed.