232

J. *Hugh Wharton,* for appellant.

J. *Frank Holt,* Attorney General, by *Jack Holt, Jr.,* Asst. Attorney General, for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Herbert Finley, Jr., was charged jointly with Arthur Hinton with the crime of Murder in the Second Degree, the Information alleging that they murdered J. C. Meeks on July 2, 1960, by stabbing him to death. On September 27, 1960 (the date of the trial), Finley filed a motion asking that he be granted a severance and a separate trial. The motion was denied by the court, and the case tried. The jury found Finley guilty of the crime of Voluntary Manslaughter, and fixed his punishment at seven years imprisonment. From the judgment so entered, appellant brings this appeal. In his Motion for New Trial, appellant raises four assignments of error, the first three

relating to the sufficiency of the evidence, and the fourth alleging error by the court in refusing to grant the Motion for Severance.

The testimony reflected that on the night of July 2, 1960, appellant, Hinton, Meeks, and others, were engaged in "shooting craps" in the colored restroom of the Last Chance Cafe near El Dorado. Meeks was rolling the dice, and an argument ensued between him and Hinton as to whether Meeks had "made his point." Hinton picked up the money, and Meeks got out a knife. Appellant then entered into the argument on behalf of Hinton, and, according to Mose Turner, "I said, 'J. C., they have a knife open for you,' and they[1] pushed me out the door, and when I got back, J. C. didn't have a knife — Finley had his[2] knife, and they had him over in the corner, and were cutting him when I got back in there." Subsequently, according to the witness, the participants left the restroom and went outside, and Hinton again struck Meeks with a knife, the latter falling. Booker T. Owens testified that Finley also had an open knife on the outside, and the evidence reflected that appellant kicked Meeks while he was lying on the ground, and warned those standing around, "Don't nobody touch him — let him lay there." Finley and Hinton left in an automobile, and Meeks was later taken to the hospital by a bystander, but died as a result of the knife wounds sustained. Five witnesses testified, two of them stating that Meeks picked up a brickbat when he went outside; the others stated that they did not see a brickbat. There was no testimony that Meeks made any attack with the brickbat, or that he had made an attack with a knife upon Finley in the restroom. The proof reflects that appellant used a knife in the restroom, and aided and participated in taking the life of the deceased; we are of the opinion that the evidence was sufficient to warrant the jury in finding the killing unjustified, and in con-

---

[1] "They" refers to the others standing around the "crap game". According to Turner: "I was in the door and they were trying to get out."

[2] Apparently Finley was using a knife that had been earlier taken from Meeks.

victing appellant of the crime of Manslaughter. Under a long established rule, evidence submitted at a trial must, on appeal, be viewed in the light most favorable to the State, and if there is any substantial evidence to support the verdict of the jury, it will be sustained. *Ashcraft* v. *State,* 208 Ark. 1089, 189 S. W. 2d 374.

Arkansas Statutes (1947) Anno., Section 43-1802, provides, *inter alia,* that defendants charged with a felony less than capital, may be tried jointly or separately, in the discretion of the trial court, and we have held that the action of the court will not be disturbed unless it appears that there was an abuse of discretion. *Nolan and Guthrie* v. *State,* 205 Ark. 103, 167 S. W. 2d 503. Counsel for appellant does not specify wherein the court abused its discretion in refusing to grant a severance, and we find no evidence in the record to indicate that appellant was prejudiced by the refusal of the trial court to grant the motion. We hold this assignment to be without merit.

Finding no reversible error, the judgment is affirmed.