Roy C. BARNHILL *v*. STATE of Arkansas

5422                                    444 S. W. 2d 97

Opinion delivered August 25, 1969

[Rehearing denied September 22, 1969.]

*E. L. Holloway,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston* and *Mike Wilson,* Assistant Attys. Gen., for appellee.

FRANK HOLT, Justice. The appellant was charged with violation of Ark. Stat. Ann. §§ 75-901 and 75-903 (Repl. 1957), commonly known as the "hit and run" statutes. Upon a jury trial he was found guilty and his punishment assessed at one year imprisonment in the county jail and a $500 fine. From the judgment on that verdict comes this appeal. Appellant's present counsel did not represent him in the trial of the case.

The appellant contends that the trial court erred in not granting his motion for a directed verdict at the close of the appellee's case; in refusing his renewed motion at the close of appellant's case; and that the verdict is contrary to both the law and the evidence. Thus, appellant asserts that the evidence is insufficient to support the verdict.

It is a well established rule that upon appeal we must review the evidence in the light most favorable to the appellee and if there is any substantial evidence to support the jury's verdict, then it must be sustained. *Ashcraft* v. *State,* 208 Ark. 1089, 189 S. W. 2d 374 (1945); *Finley* v. *State,* 233 Ark. 232, 343 S. W. 2d 787 (1961). We review the evidence in accordance with this governing principle of law.

There was evidence that the appellant was the driver of a vehicle which ran a stop sign at a street intersection and collided with another vehicle. A witness found Mrs. Robinson, driver of the other vehicle, groping alongside her car in a dazed condition. Appellant was observed sitting in his car which was stopped a short distance from the scene. During the time that witnesses were rendering aid to Mrs. Robinson, the appellant, who was recognized by these witnesses, continued to sit in his car with his head leaning forward. He was

asked not to leave the scene. However, before Mrs. Robinson was removed from the scene, the appellant left at a "fast clip" with his tires making a "squalling" noise and turned a street corner at a fast rate of speed. His car was found unoccupied and stuck in the mud a few blocks from the scene. Before he left he did not offer any aid or assistance to Mrs. Robinson or to her benefactors. He did not in any manner offer his identification. Mrs. Robinson was taken to the hospital and her injuries were such that she remained in the hospital for approximately one month. A short time preceding the accident the appellant was observed driving in such a manner that a motorist's car was forced from the road. Appellant stopped his car on the side of the road and then proceeded in his original direction which was a short distance from the intersection accident. There was evidence that a short time following the accident and also about an hour or hour and a half thereafter when appellant was arrested at his home, his behavior and appearance indicated that he was under the influence of drugs or intoxicating liquor and that he did not appear to be "at his-self" and "didn't remember much about" being involved in an accident.

In our view we think there is substantial evidence to support the jury's verdict that the appellant did not comply with the pertinent traffic statutes (§ 75-901 and § 75-903) which require that the driver involved in an accident resulting in injury to any person shall stop his vehicle and in every event shall remain at the scene until he has identified himself and his vehicle. Further, that he shall render to any injured person in such accident reasonable assistance, including hospital and medical attention if necessary. Although his identity was known and others were rendering aid, there is evidence that appellant hurriedly left the scene of the accident before Mrs. Robinson was removed and after being requested not to leave.

Appellant next asserts that the trial court erred in refusing to grant him a new trial for the reason that his

court appointed counsel was inadequate because of illness or inexperience. We cannot agree with appellant. Based upon this assertion in his motion for a new trial, the court conducted an evidentiary hearing. According to appellant, his attorney was suffering from the flu, had a high fever and was physically unable to properly represent him on the day of the trial. Appellant testified that his counsel did not call two witnesses which appellant requested; that he did not propound certain questions that he wanted witnesses to be asked; that he did not offer in evidence certain pictures and voiced insufficient objections. The appointed counsel testified that he was 26 years of age, a 1967 graduate of the University of Arkansas Law School and had practiced law for approximately 17 months. He described his condition on the day of the trial as being "ill" rather than "sick" from the flu. He testified that his illness did not physically or mentally incapacitate him in such a manner that he could not adequately represent the appellant; that he was not aware of any evidence that he failed to present because of his illness; that he had discussed the case with the appellant on occasions for about a year previous to the trial; that it was appellant's decision not to take the stand in his own behalf, that one witness, a physician, was not called to testify on behalf of appellant because the appellant did not want to subpoena him; that he had not refused to present any witnesses or evidence requested by the appellant and that he had conducted the defense according to his best judgment; that he had consulted with the appellant about trial strategy and appellant was made aware that as a witness he was subject to cross-examination about past conduct and perhaps it would not be to appellant's advantage. This and other aspects of trial strategy were discussed with appellant in conference with other counsel. Appellant himself testified that during these conferences he was advised that he might be asked questions that he "wouldn't want to answer." Further, that his counsel did not refuse him the right to testify and asked him if he could add anything to the evidence. Ap-

pellant said he declined because he couldn't remember anything about the accident. The court noted that if appellant's counsel had appeared to be incapable of defending appellant, it would have, on its own motion, continued the case.

We agree with the trial court's refusal to grant a new trial based upon appellant's contention of inadequacy of trial counsel. We cannot agree with appellant's assertion that his counsel, because of inexperience or illness, conducted his defense in such a manner that his trial was a farce and a mockery of justice which denied him a fair trial. The appellant's court appointed counsel had worked on his case for approximately a year and preceding his trial had successfully quashed one jury panel. Appellant's complaint about his counsel's conduct of the case primarily relates to trial strategy or tactics which involve the elements of discretion, and judgment upon which competent counsel might honestly disagree, especially after the event. Therefore, the conduct of appellant's defense did not constitute the denial to him of a fair trial. *Thomas Linville Coleman* v. *State,* 242 Ark. 751, 415 S. W. 2d 549 (1967). See, also, 24 A. L. R. 1025; 64 A. L. R. 436; 74 A. L. R. 2d 1390. The appellant has not demonstrated that he did not have effective assistance of counsel in the trial of his case. To the contrary, it appears that appellant was provided competent and diligent representation.

Affirmed.

FOGLEMAN, J., not participating.