Calvin BROWN and Cecil BETTIS Jr.
*v.* STATE of Arkansas

CR 75-52                                              534 S.W. 2d 207

Opinion delivered March 8, 1976
[Rehearing denied April 12, 1976.]

*Pickens, Boyce, McLarty & Watson* and *McArthur, Lofton & Wilson, P.A.,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen. and *Leroy Blankenship,* 3rd Judicial Circuit Prosecuting Attorney, for appellee.

J. Fred Jones, Justice. Calvin Brown and Cecil Bettis Jr. were jointly tried and convicted of robbery at a jury trial in the Jackson County Circuit Court and they were each sentenced to the Department of Correction for a period of 21 years.

Both Brown and Bettis were convicted of burglary in connection with the same incident. Appellant Brown's burglary conviction was reversed and appellant Bettis's conviction was affirmed by separate opinions being handed down

today in case No. CR75-27. The pertinent background facts are set out in our opinion on the burglary convictions and will not be reiterated in this opinion. As in the burglary cases, Brown and Bettis were represented by separate counsel and have filed separate briefs in this appeal from their convictions of robbery; and, as in their appeal from the burglary convictions, they have designated separate points on which they rely for reversal, some of which were designated in the burglary appeal and disposed of in our opinion in that case.

On his appeal in the case at bar Bettis has designated the point he relies on as follows:

"The search warrant should have been suppressed."

We have thoroughly examined and treated this point in our opinion in the burglary case and found no merit in this contention.

Brown has designated the following points on which he relies for reversal in the case at bar as follows:

I

"The trial court erred in denying appellant's motion to suppress the evidence obtained due to an illegal arrest and illegal search.

II

The trial court erred in denying appellant's motion for a preliminary hearing prior to trial.

III

The trial court erred in denying appellant's motions for severance and/or continuance.

IV

The trial court erred in quashing a subpoena duces tecum for the tax records of the prosecuting witness.

## V

The trial court erred in allowing a witness to testify about a previous common non-related conversation with appellant.

## VI

The trial court erred in unreasonably restricting appellant's cross-examination of the co-defendant and other witnesses.

## VII

The trial court erred in not allowing appellant to put on testimony of subpoenaed witnesses.

## VIII

The trial court erred in denying appellant's motion for mistrial.

## IX

The trial court erred in denying appellant's motion for directed verdict of acquittal."

Appellant Brown's first two points relied on in the case at bar were also relied on by him in the appeal from the burglary conviction, and we deem it unnecessary to reiterate what we said in our opinion in that case.

Appellant's third point that the trial court erred in denying his motion for severance or continuance is without merit. He argues that in the burglary trial, some 40 days prior to his trial in the present case, antagonism between him and Bettis was apparent; that considerable publicity had been given to the previous trial and that he was prejudiced by being jointly tried in the case at bar with Bettis. He argues that his co-defendant used prejudicial tactics which prejudiced his case. We find no merit to this contention.

In *Finley v. State*, 233 Ark. 232, 343 S.W. 2d 787 (1961), this court said:

"Counsel for appellant does not specify wherein the court abused its discretion in refusing to grant a severance, and we find no evidence in the record to indicate that appellant was prejudiced by the refusal of the trial court to grant the motion."

We come to the same conclusion in the case at bar. The appellant argues that his motion for continuance should have been granted because the jury had been prejudiced by extensive media coverage of the burglary trial involving the same parties and circumstances, which trial had occurred only 40 days before his trial in the case at bar. The record before us does not contain the voir dire of the jury and if any members of the jury had been prejudiced by the prior trial, such prejudice should have been revealed on voir dire. In *Keith* v. *State,* 218 Ark. 174, 235 S.W. 2d 539 (1951), this court said:

"Assignments Nos. 7, 8, 9 and 11 of the motion for new trial allege improper influence upon and misconduct of the jury which resulted in defendant's not receiving a fair trial. In the absence of anything in the record to support this assignment of error, they will not be considered. *Conley* v. *State,* 180 Ark. 278, 21 S.W. 2d 176."

We find nothing in the record that would indicate that the trial court abused its discretion in failing to grant the appellant Brown's motion for severance or continuance.

Under his fourth point Brown contends that the trial court erred in quashing a subpoena duces tecum for the tax records of the prosecuting witness Mr. Harper. The tax records were sought for the  purpose of questioning the credibility of the testimony of Mr. and Mrs. Harper, and the situation arose in the following manner: The appellant Bettis testified as to his long acquaintance and friendship with Mr. and Mrs. Harper, the prosecuting witnesses and victims of the robbery. His testimony indicated that he and Harper had engaged, or been associated together, in prior illegal activities.

On direct examination Mr. and Mrs. Harper testified as to the treatment they received and the property taken in the

course of the robbery and in answers to questions on *cross-examination,* they denied participating in any illegal activities with appellant Bettis.

Subpoena duces tecum for Harper's tax records was issued on the appellant's motion but was then quashed on Harper's motion. The appellant Brown argues that Ark. Stat. Ann. § 28-803 (Repl. 1962) provides the method for vacating an order requiring production of records, and that Harper did not state in his motion or prove either of the two grounds stated therein. The appellant then argues that from testimony brought out during the trial, there was indication that Mr. Harper had misappropriated funds from the county; that he had engaged in fraudulent insurance schemes and in activity of "fixing horse races." The appellant then argues that the tax records would have been relevant in going to the *credibility of the prosecuting witness's testimony,* and that the quashing of the subpoena deprived the appellant of evidence that could have been used at his trial. This same argument was advanced by Brown and rejected in our opinion on appeal from the burglary convictions.

Ark. Stat. Ann. § 28-803 (Repl. 1962) was expressly repealed by Act 17 of the 1973 General Assembly which became effective on July 1, 1973. Ark. Stat. Ann. § 28-537 et seq. (Supp. 1975). Be that as it may, the evidence sought through the subpoena duces tecum was for the purpose of impeaching the credibility of Mr. and Mrs. Harper's testimony *brought out on cross-examination* and the trial court was correct in holding that the evidence thus sought was collateral to the issues before the court and would be inadmissible for the purpose for which it was sought and intended.

In addition to *Fulwider* v. *Woods,* 249 Ark. 776, 461 S.W. 2d 581, and *Spence* v. *State,* 184 Ark. 139, 40 S.W. 2d 986, cited in our opinion in the burglary case, see also *McArthur* v. *State,* 59 Ark. 431, 27 S.W. 628, and *McAlister* v. *State,* 99 Ark. 604, 139 S.W. 684. In *McAlister* we quoted with approval as follows:

" 'In order to avoid an interminable multiplicity of issues, it is a settled rule of practice that when a witness

is cross examined on a matter collateral to the issues he can not, as to his answer, be subsequently contradicted by the party putting the question. The test of whether a fact inquired of in cross examination is collateral is this: Would the cross examining party be entitled to prove it as part of his case, tending to establish his plea?'

\* \* \*

'A cross examining party is concluded by the answer which the witness gives to a question concerning a collateral matter, and no contradiction will be allowed, even for the purpose of impeaching the witness.' "

Under his fifth assignment appellant Brown contends that the trial court committed reversible error by allowing witness Tidwell to testify concerning a conversation between Tidwell and Brown which occurred approximately two weeks before the robbery. Tidwell's testimony appears as follows:

"Q. What did Mr. Brown say to you, Eugene?

A. He just walked up there where I was standing there and he asked me how I was doing, was I playing it cool or keeping it cool or something.

Q. What did that mean to you?

A. Sir, I don't know.

\* \* \*

A. He asked me, he said 'have you been keeping it cool' or you know keeping out of trouble, and I said 'yes, I have.' and he asked me how I like to make a little money and I said 'well, I'm not interested myself.' "

The appellant made timely objection to this testimony as irrelevant, this testimony of Tidwell did not contain a fact that could have possibly aided in the conviction of the appellant. Under such circumstances the testimony was not prejudicial. *Weber* v. *State,* 250 Ark. 566, 466 S.W. 2d 257 (1971). In *Weber* this court said:

"Actually, the witness knew no facts that connected Weber with the offense of stealing the boat. . . . It is true that the testimony was of no value to the state, but, that being true, we certainly can not find any prejudice. No fact was testified to that could have possibly aided in the conviction, and if the testimony was inadmissible, it certainly has not been demonstrated that it was prejudicial. See *Stout* v. *State,* 244 Ark. 676, 426 S.W. 2d 800."

Under his sixth and seventh points appellant Brown assigns as error the trial court's refusal to allow him to question co-defendant Bettis and call two other witnesses concerning alleged horse race fixing done by Bettis and Harper, the prosecuting witness. Appellant's purpose in asking these questions and attempting to call these witnesses was to impeach the credibility of the prosecuting witnesses Mr. and Mrs. Harper. This effort to impeach the Harpers' testimony was in violation of Ark. Stat. Ann. § 28-707 (Repl. 1962), and is also covered in what we have said in relation to the appellant's fourth assignment, *supra.*

The appellant Brown contends under his eighth assignment that the trial court erred in denying his motion for mistrial. This contention is without merit. In *Perez* v. *State,* 249 Ark. 1111, 463 S.W. 2d 394 (1971), this court set out the rule for overturning a trial court's ruling on a motion for mistrial as follows:

"We have uniformly held that, because of the wide latitude of discretion vested in the trial judge in granting or denying a motion for a mistrial, we will not reverse a judgment because of his action on such a motion in the absence of an abuse of that discretion or manifest prejudice to the complaining party. *Shroeder* v. *Johnson,* 234 Ark. 443, 352 S.W. 2d 570."

The allegedly prejudicial testimony occurred upon cross-examination of appellant Bettis and appears in the record as follows:

"Q. Since you have been awaiting trial on this charge did you and Calvin Brown go down to Betty Johnston's

at Possum Grape and sit there around the table and handle and discuss and sort out jewelry that had been stolen in other robberies besides this one?

A. No, sir. To my knowledge Calvin Brown hasn't been to Betty Johnston's since before this robbery and for a good deal before, I don't know.

Q. Do you know that Betty Johnston has turned over to the State Police the jewelry that was stolen in this other job?

BY MR. HARKEY: I object to that question and ask that the jury be admonished to disregard it. The question was asked and answered whether an act was committed, Your Honor, and I know he knows better, I know he is a better lawyer; this is improper.

BY THE COURT: Sustained. Ladies and Gentlemen of the jury, you are instructed to disregard the last question asked of this witness by the Prosecuting Attorney.

Q. During one of these times you had moved out from Possum Grape and somebody else had moved in, since you have been out on bail awaiting trial did you threaten to kill Betty if she didn't tell you what she had done with the jewelry you and Calvin left there?

A. No.

BY MR. McARTHUR: Your Honor, may I approach the bench, please?

BY THE COURT: Yes, sir.

BY MR. McARTHUR: I ignored the first question by the Prosecuting Attorney concerning my client but I don't feel I can ignore the second accusation of crime which is totally and utterly unrelated. The Prosecuting Attorney keeps bringing up other crimes in his questioning committed by my client that have no bearing on this trial and on behalf of Calvin Brown I move for a mistrial.

BY THE COURT: Overruled, but if you want to move in limine that he not attempt to do through this witness what I refused to permit, I will grant that.

BY MR. McARTHUR: I do ask the Court to admonish him.

BY MR. BLANKENSHIP: I consider myself admonished."

The trial judge admonished the jury to disregard the questions which accused the appellant Brown of earlier wrongful acts, and the answers to these questions were actually favorable to the appellant. We find no abuse of discretion justifying a reversal in the case at bar.

The appellant Brown's final contention that the trial court erred in denying his motion for a directed verdict of acquittal is without merit. A directed verdict should be granted only when there is no factual issue to go to the jury. *Parker* v. *State,* 252 Ark. 1242, 482 S.W. 2d 822 (1972); *Fortner & Holcombe* v. *State,* 258 Ark. 591, 528 S.W. 2d 378 (1975). Certainly there were factual issues for jury determination in this case.

The judgments as to both Bettis and Brown are affirmed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the majority holding relating to the suppression of evidence obtained by search for the same reasons given in my concurring opinion in *Brown* v. *State,* No. CR-75-27, 259 Ark. 449, 534 S.W. 2d 213 (1976).

I concur in the court's action on Brown's motion for severance only because the ground argued here, i.e., the antagonism of the co-defendant Bettis, was not asserted in the trial court. Since this issue is raised for the first time on appeal, we could not well say that the circuit judge abused his discretion in that respect.