## Ex parte F. T. MARTIN.

No. A-1410.   Opinion Filed October 14, 1911.

(118 Pac. 155.)

1. **HABEAS CORPUS—Jurisdiction of Misdemeanor.** A district court is not a "court of competent jurisdiction" to try a misdemeanor, and is without power or jurisdiction to render a judgment of conviction in a misdemeanor case, or issue process thereon; and where a court was without jurisdiction or power to render the judgment or issue the process the imprisonment is illegal, and the courts should grant relief by habeas corpus.

2. **ESCAPE—Misdemeanor—Breaking Jail.** Under section 7073, Snyder's Stat., it is merely a misdemeanor for a person imprisoned upon a commitment detaining him for trial for an offense, not capital, to break jail and escape.

3. **ESCAPE—Breaking Jail.** Section 2164 of the Penal Code and section 7073 of the Code of Criminal Procedure are not repugnant to each other.

4. **STATUTES—Repugnancy—Construction.** If two acts passed by the same Legislature are repugnant to each other, ordinarily that which last received executive approval must prevail.

(Syllabus by the Court.)

Petition of F. T. Martin for writ of *habeas corpus*. Granted.

*E. L. Spriggs,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.  The petitioner, F. T. Martin, was tried and convicted in the district court of the Sixth Judicial district, held in and for McCurtain county, upon an indictment returned, presented, and filed in open court on February 7, 1911.  The charging part of said indictment reads:

"The said F. T. Martin was, on the 3d day of October, 1910, confined in the county jail at Idabel, in McCurtain county, Oklahoma, upon a commitment for perjury, awaiting the action of the grand jury, and on the said 3d day of October, 1910, while so confined in said jail, the said F. T. Martin did then and there unlawfully, maliciously, and feloniously, and by force, escape from said jail."

Petitioner was sentenced to be imprisoned in the state penitentiary at McAlester for a term of one year.  The judgment and

sentence was entered February 27, 1911, and on March 7th, in execution of the judgment, petitioner was delivered to the warden of the penitentiary at McAlester, where he has since been and is now confined.

On September 29th, there was filed in this court his petition, wherein it is averred that his imprisonment is illegal and unauthorized by law, because said district court was without jurisdiction to try said cause, and therefore the judgment of conviction is void, for the reason that said indictment only charged a misdemeanor, as defined by section 2023, Snyder's Statutes, of which offense so charged the county court of McCurtain had exclusive jurisdiction.

The single question presented is, Do the facts alleged in the indictment constitute a felony or a misdemeanor?

Section 2164, Snyder's Stat., provides:

"Every prisoner confined in any other than the state prison, who by force or fraud escapes therefrom, is punishable by imprisonment in the state prison not exceeding two years, or in a county jail not exceeding one year, to commence from the expiration of the original term of his imprisonment."

This act was approved December 23, 1890.

Section 7073 provides:

"If any person who may be imprisoned pursuant to a sentence of imprisonment in the county jail, or any person who shall be committed for the purpose of detaining him for trial, for any offense not capital, shall break prison and escape, he shall be imprisoned in the county jail for the term of six months."

This act was approved December 24, 1890.

Section 2022 provides:

"A felony is a crime which is, or may be, punishable with death, or by imprisonment in the state prison."

Section 2023 provides:

"Every other crime is a misdemeanor."

The certified copy of the indictment attached and made a part of the petition shows that at the time of the alleged escape petitioner had not been convicted of a felony, but had been com-

6 Cr.—8

mitted to the county jail upon a preliminary examination for an offense not capital, there to await the action of the grand jury.

Presumably the district court assumed jurisdiction to try the case on the theory that a violation of section 2164 was charged. This provision of the Penal Code contemplates imprisonment for a specific term, and has no application to the facts as alleged in this indictment. As we view these provisions, they are not repugnant to each other, and while they were passed by the same Legislature, section 7073 is the later act, having been approved subsequently to section 2164. If there is any repugnancy the later act must prevail.

It thus follows that the acts charged in the indictment constitute merely a misdemeanor, and the district court was without jurisdiction or power to try the indictment, or to render judgment of conviction, or to issue the commitment thereon. It could only certify said indictment and record to the county court for trial. We are clearly of the opinion that petitioner is unlawfully imprisoned under said judgment of conviction and commitment.

Wherefore, the writ of *habeas corpus* is allowed, and it is ordered that petitioner be discharged from imprisonment under said judgment, sentence, and commitment, and that respondent. the warden of the penitentiary, deliver him to the custody of the sheriff of McCurtain county. It is further ordered that the clerk of this court forward forthwith the mandate in this case to the clerk of the district court of McCurtain county, and that said clerk issue to the sheriff of McCurtain county said mandate; and said sheriff is directed to present the same without delay. to the warden of the penitentiary, and receive and transport said petitioner to the county jail of McCurtain county, pending the further action of the district and county courts of said county in said case.

FURMAN, P. J., and ARMSTRONG, J., concur.