# JONAH FOSTER v. STATE.

No. A-1341.   Opinion Filed March 5, 1913.

(130 Pac. 310.)

1. **ESCAPE—Imprisonment in County Jail—Misdemeanor.** Under section 7073, Code of Criminal Procedure, it is merely a misdemeanor for a person imprisoned, pursuant to a sentence of imprisonment in the county jail, to break jail and escape.

2. **ESCAPE—Breaking Jail—Punishment.** Section 2164 of the Penal Code, and section 7073, Code of Criminal Procedure, are not repugnant.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

Jonah Foster was convicted of escaping jail, and appeals. Reversed, with directions.

*Carr & Field,* for plaintiff in error.

*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *John M. Stanley,* Co. Atty., for the State.

DOYLE, J.   Plaintiff in error was convicted in the district court of Garvin county on an information which charged that, cn or about the 19th day of May, 1911, Jonah Foster did escape from the county jail of Garvin county, a prison other than the state prison; the said Jonah Foster being then and there a prisoner confined in said county jail of Garvin county. The information was filed May 23d; on the same day he was arraigned and entered a plea of guilty, and was thereupon sentenced to imprisonment in the penitentiary for a term of one year and one day. The following day plaintiff in error employed counsel and had a motion prepared asking that he be permitted, upon the grounds and reasons therein set forth, to withdraw his plea of guilty, and that he be granted a trial, which motion was overruled.

On May 27th, 1911, in execution of the judgment, plaintiff in error was delivered to the warden of the penitentiary, where

he remained confined until released upon an order of supersedeas made by this court, when his appeal to this court had been perfected. April 10, 1912, the Attorney General and the county attorney filed in this court a motion to remand, with instructions to dismiss, in part as follows:

"This prosecution was had under the provisions of section 2164, Compiled Laws of Oklahoma 1909, Snyder, when in truth this plaintiff should have been prosecuted under the provisions of section 7073, *Id.*, as the admitted facts in this case are that plaintiff in error had been convicted of the offense of selling intoxicating liquor in said county, and pursuant to such conviction was confined in the county jail of said county, and was by order of the board of county commissioners required to work on the public highways therein; that, while so employed, he escaped and was thereafter captured by the sheriff, and this charge was lodged against him. Such escape was accomplished without the use of force or fraud. Plaintiff in error has already been committed in the state penitentiary under this charge for the period of four months, and the county attorney of Garvin county is of the opinion that he has been sufficiently punished under a mistaken apprehension as to what the law was. Therefore we respectfully suggest that the district court of Garvin county was without jurisdiction in this case, and the same should be remanded to the said district court with instructions that it be dismissed."

Presumably the district court assumed jurisdiction on the theory that a violation of section 2164 of the Penal Code was charged.

Section 7073, Code of Criminal Procedure, provides:

"If any person who may be imprisoned pursuant to a sentence of imprisonment in the county jail, or any person who shall be committed for the purpose of detaining him for trial, for any offense not capital, shall break prison and escape, he shall be imprisoned in the county jail for the term of six months."

The offense charged in the information constitutes a misdemeanor under the aforesaid section 7073, and the district court was without jurisdiction or power to try the information, or to render the judgment of conviction, or to issue the commitment thereon.

In *Ex parte Martin*, 6 Okla. Cr. 224, 118 Pac. 155, it is said:

"As we view these provisions, they are not repugnant; and, while they were passed by the same Legislature, section 7073 is

the later act, having been approved subsequently to section 2164. If there is any repugnancy, the later act must prevail."

The confession of error is confirmed, and the judgment of the district court of Garvin county is reversed, and the cause remanded thereto, with direction to dismiss.

ARMSTRONG, P. J., and FURMAN, J., concur.