**Stanley Leo BROWN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14772.**

Court of Criminal Appeals of Oklahoma.

Dec. 18, 1968.

Delbert Brock, McAlester, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from a conviction in the District Court of Pittsburg County on February 12, 1968, wherein the plaintiff in error, hereafter referred to as defendant, was convicted of the offense of breaking jail and escape. He was tried by the court without a jury and found guilty. Motion for new trial was filed and was overruled on February 19, 1968, when defendant was sentenced to serve one year in the state penitentiary.

Defendant and another prisoner, James Clifford Garner, both escaped from the Pittsburg County jail at the same time. Garner was being held in jail pending a trial, whereas defendant was being held in confinement on an extradition warrant from the State of Kansas, and an Oklahoma warrant on Foreign Requisition dated May 29, 1967, for violation of parole. Garner's demurrer to the information filed in the District Court was sustained, and his case was remanded to the County Court for trial on a misdemeanor charge of escape. Defendant contends in this appeal that his demurrer to the District Court information should have also been sustained, that the District Court was without jurisdiction to try defendant, and the failure to sustain his demurrer was error.

The two statutes concerning breaking jail and escape are set forth, as follows:

Title 57 O.S.1961, § 56, provides:

"If any person who may be imprisoned *pursuant to a sentence of imprisonment in the county jail, or* any person who shall be committed *for the purpose of*

*detaining him for trial,* for any offense not capital, shall break prison and escape, he shall be punished by confinement in the county jail not exceeding one (1) year, or by a fine not exceeding One Thousand Dollars ($1,000.00), or both." (Emphasis added).

Title 21 O.S.1961, § 435, provides:

"Every prisoner confined in any other than the penitentiary, who by force or fraud escapes therefrom, is punishable by imprisonment in the penitentiary not exceeding two years, or in a county jail not exceeding one year, to commence from the expiration of the original term of his imprisonment."

■ Therefore the sole question to be resolved in this appeal is: Was defendant confined in the county jail pursuant to a sentence of imprisonment in the county jail, or for the purpose of being detained for trial? If he was being held for either purpose, then the provisions of Title 57, of the Oklahoma Statutes, would be applicable. However, if the question is answered in the negative, then the offense is a felony and the provisions of Title 21, of the Statutes are applicable, and the District Court had jurisdiction to try and sentence the defendant.

■ Clearly, this defendant was not being held pursuant to a sentence in the county jail, and one being held in confinement in the county jail on the basis of an extradition warrant for parole violation in the demanding state is not being held awaiting trial. Therefore, neither condition of Title 57 is met. The most which one in such situation may expect is a hearing in habeas corpus, but such a hearing is not a trial. Consequently, the sole question presented herein must be answered in the negative; and hence, the District Court did have jurisdiction to try and sentence defendant in this matter.

This Court has previously held that the two statutes with which we are herein concerned are not repugnant to each other; and while Title 57 O.S. § 56, was amended in 1961, such amendment did not change the substance of the section, but only that portion pertaining to the length of punishment was changed. See: Ex parte Martin, 6 Okl.Cr. 224, 118 P. 155; Foster v. State, 8 Okl.Cr. 718, 130 P. 310.

Defendant's single proposition contends that the language of the information charges a misdemeanor offense under Title 57, which the District Court is without jurisdiction to try. We have examined the information filed herein and are of the opinion that the information substantially pleads a felony charge sufficient to give the District Court jurisdiction. Likewise, insofar as neither condition contained in section 56 of Title 57 are present; and because defendant was being held on the basis of a felony conviction committed in another State, the District Court of Pittsburg County had jurisdiction to try and convict the defendant.

We are therefore of the opinion this case should be, and the same is therefore, affirmed.

Affirmed.

NIX, P. J., and BUSSEY, J., concur.