Ralph Dean **LEWIS** and Johnny Edward Thomas, Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defend-ant in Error.

Nos. A–15850, A–15852.

Court of Criminal Appeals of Oklahoma.

Sept. 1, 1971.

Reconsidered on Petition for Rehearing in No. 15850 Dec. 10, 1971.

92

Brian Gaskill, Public Defender, Tulsa County, for plaintiffs in error.

Larry Derryberry, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge.

This is a consolidation of separate appeals Nos. A–15,850 and A–15,852.

Plaintiffs in Error, Ralph Dean Lewis and Johnny Edward Thomas, hereinafter referred to as defendants, as they appeared in the trial court, were jointly tried and convicted before the District Court of Tulsa County, in Case No. CRF–69–1791, on a charge of Second Degree Burglary, After Former Conviction of a Felony. The trial was conducted in a two-stage proceeding, and on January 30, 1970, both defendants were sentenced to serve not less than twenty (20) years nor more than sixty (60) years under the direction and control of the State Department of Corrections. From that judgment and sentence separate appeals were lodged. This decision consolidates the two appeals.

The facts surrounding this trial briefly stated are: During the early morning hours of October 27, 1967, the two defendants were found inside the Churchwell's Appliance Store in Tulsa, Oklahoma; Defendant Lewis surrendered to the officers upon demand, but it was necessary for the officers to enter the store to apprehend Defendant Thomas. Police Officer Armstrong testified that while making a routine patrol of the area, he saw two persons inside the store after closing hours; and radioed for assistance, and the two men were arrested. He later identified the two persons seen in the store as these defendants. During his apprehension, Defendant Thomas was injured and he was transported to the emergency room of Hillcrest Hospital by Officer Armstrong, who testified that while he and Defendant Thomas were enroute to the hospital, Thomas made a voluntary statement to him with reference to their arrest. Referring to the statement by Thomas, the Officer testified, "He said something to the effect that he didn't know how that we had caught them or seen them inside the building because he had either—I don't remember whether he said driven or walked around the location of the building there five or six times before they ever entered the building to make sure no one was around."

This admission by Defendant Thomas is the basis for one of the assignments of error. A Motion for Severance on behalf of Defendant Lewis was presented to the trial judge prior to the beginning of trial, which was denied. This Motion was later orally renewed, prior to the time the State made its opening statement, but was again denied by the trial court. Thereafter, the Defendants stood trial, jointly, as provided in 22 O.S.Supp.1968, Section 436.

Defendants offer four assignments of error in their brief which are argued under three propositions as follows:

"1. The trial court erred in refusing to grant appellant's Motion for Severance, Motion of Appellant's Attorney to Withdraw As Counsel, and Appellant's Motion for Mistrial.

2. The trial court erred in allowing the introduction of prior convictions gained in violation of appellant's rights to equal protection of the laws and due process of law under the Fourteenth Amendment of the United States Constitution.

3. The trial court erred by failing to reduce the sentence imposed by the jury, which sentence was clearly excessive and the result of passion and prejudice.

4. The trial court erred in allowing the introduction of evidence concerning the prior Kansas conviction of appellant Thomas.

The two Defendants were represented by the Public Defender's Office for Tulsa County. During their trial neither defendant testified, and the only witness offered in their defense was the doctor who rendered the emergency treatment to Ralph Thomas. Mr. Brian Gaskill, was initially appointed to represent both Defendants, but on the day prior to trial, Mr. John G. Ghostbear, another Attorney in the Public Defender's Office, was appointed to assist Mr. Gaskill.

After reviewing the record of this trial we consider defendant's first proposition, while being well presented, to be without merit. The prejudice referred to in the

Motion for Severance filed by Lewis is predicated upon the extra-judicial admission made by Defendant Thomas, while enroute to the Hillcrest Hospital. The record reflects that at the time for the noon recess of the trial, the jury was excused for the noon meal, and the court conducted a plenary type hearing to determine the propriety of admitting any out-of-court statements made by Defendant Thomas. The State called to the witness stand one Officer Compos, who testified that he did advise Defendant Thomas of his constitutional rights by giving him the "Miranda Warnings"; and that the warnings were given while the Defendant sat in the police-car, in the appliance store parking lot. Thereafter, Officer Armstrong transported Thomas to the hospital. Defense Counsel did not offer the testimony of either of the defendants at that hearing to deny the State's evidence. The trial court made specific inquiry concerning the introduction of evidence to counter the statements made by Officer Compos, but none was offered by either Defendant. The trial court then made the finding that Defendant Thomas had been advised as to his constitutional rights, and that the admission made by Thomas was admissible in evidence.

█ Defendants rely upon the case of Fugett v. State, Okl.Cr., 461 P.2d 1002 (1969), as the premise for support of their first proposition; and in their brief they point out the difference between the factual situation in this appeal and that found in Fugett. That difference being an admission in this case; whereas in Fugett's case, it concerned a confession. Defendants recite in their brief, "It is true that the specific grounds set forth in the written Motion [for severance] do not indicate that the specific problem of conflict of interest would arise in the case, but the oral renewal of the Motion made before the State opened its case set forth the specific ground of severance conflict of interest, which in fact did arise." The record does reflect that Defense Counsel did state, that

the joint trial "may be prejudicial to them and may create a severe conflict of interest." However, the statement alone that a conflict of interest exists is not sufficient to support the contention. The written Motion should have also clearly set forth the reason for the severance. However, by no stretch of the imagination can Defendant Thomas' statement be considered to constitute a confession, which may have created the claimed conflict. Instead, his statement to Officer Armstrong was nothing more than a surmising statement of conjecture, or wonderment. At most, it would constitute an admission explaining preparation for an anticipated act. This Court distinguished an admission from a confession in O'Neal v. State, Okl.Cr., 468 P.2d 59 (1970), as follows:

"When a person only admits certain facts from which the jury may or may not infer guilt, there is no confession. * * * A confession of guilty is an admission of the criminal act itself, not an admission of a fact or circumstance from which guilt may be inferred."

█ We observe also, that the trial judge pointed out to Defense Counsel, that there was no assurance that Defendant Thomas would testify in behalf of Lewis, even if a severance were granted; and that the witness could not be compelled to testify concerning his statement, if he considered it might incriminate him at his subsequent trial, when he would stand trial alone. Consequently, we do not consider the trial judge's denial of Defendants' Motion for Severance, Motion for Mistrial, was error, nor was the denial of Defense Counsel's Motion to Withdraw as Counsel for Defendants, when the trial was more than half over, to have constituted error.

In their second proposition Defendants raise the question concerning their former convictions, which were introduced during the second stage of the proceeding, because Defendant Lewis was seventeen years old in 1959, when he was convicted for Robbery with Firearms and Larceny of An Automobile, and hence he asserts, because

of his minor age that conviction should be void. It is also contended, that the conviction shown against Thomas in 1961 in the District Court of Butler County, Kansas, for Possession of Burglary Tools, resulted when he was sixteen years of age and should be voided, as a violation of his constitutional rights under the Kansas State Statutes pertaining to minors; and consequently his conviction in the District Court of Oklahoma County, would have been treated as a lesser offense all of which would have caused no former felony convictions to have existed against either defendant; and that by allowing those convictions to stand both Defendants' constitutional rights are being violated.

■ Defense Counsel weaves an extremely fine grade of cloth, but we do not accept its offer. Defendants' attempt to show prior violation of their constitutional rights premised upon the contention that the law sets different ages for males, at which they are responsible as adults under the criminal law, as compared to that for females which thus constitutes a violation of the "equal protection clause" of the Fourteenth Amendment to the United States Constitution; and therefore, they should not be held to answer to the former felony convictions presented in the second stage proceeding of this trial. We do not accept this argument for the same reasons set forth in Lamb v. State, Okl.Cr., 475 P.2d 829 (1970).

■ Defendants' third proposition is worthy of consideration, because the prosecutor's argument could have only aroused the passions and prejudices of the jury which resulted in an excessive sentence for the offense charged. During his argument, the prosecutor continued to imply that even though neither Defendant possessed a weapon, they might have; and this argument went beyond the evidence presented and could have only resulted in arousing the jury's passion and prejudice. Notwithstanding the fact, as pointed out by the trial judge, that Defense Counsel reminded the jury in his closing argument, that no weapons were found on either defendant, no one was injured, and no property was stolen, such remarks were not sufficient to allow the prosecutor to initiate a process of surmising "what if," with reference to weapons. We believe the prosecutor went too far afield in his closing arguments; and while both sides are permitted wide latitude in their discussion and interpretation of the evidence of trial, when such argument extends so far as to prejudice the defendant and results in an excessive sentence, this Court is authorized to modify such sentence. In Gable v. State, Okl.Cr., 424 P.2d 433 (1967) this Court modified the sentence from thirty-five years to fifteen years, and provided in the fifth paragraph to the syllabus of the Court:

"The Court of Criminal Appeals may, on consideration of entire record and all circumstances, reduce sentence where record indicates that substantial justice will be served by so doing. 22 Okl.St. Ann. § 1066."

The fourth and last proposition of Defendant's brief asserts that Defendant Thomas' prior 1961 conviction for Possession of Burglary Tools, in the State of Kansas, would have been a misdemeanor under the provisions of Title 21 O.S.1961, Section 1437, in this State and should not have been used to enhance his punishment as a felony under 21 O.S.1961, Section 54. This argument contains merit, except that Thomas was later convicted in the District Court of Oklahoma County for escape, and was sentenced to serve one year in the State Penitentiary. This subsequent felony conviction consequently makes him eligible for the provisions of 21 O.S.1961, Section 54, which provides for enhancement of punishment.

We are therefore of the opinion, after carefully considering the record of trial and brief submitted, that the indeterminate sentence imposed on these two Defendants was excessive, and resulted from the prejudicial argument of the prosecutor; and on consideration of all the facts and cir-

cumstances that the sentence imposed in District Court of Tulsa County, Case No. CRF–69–1791, wherein defendants were sentenced to serve from twenty (20) to sixty (60) years imprisonment for Second Degree Burglary, AFCF, should be modified to twelve (12) years imprisonment; and as modified, the judgment and sentence should be affirmed. It is so ordered.

BUSSEY, P. J., concurs in result.

NIX, J., concurs.

## RECONSIDERED ON PETITION FOR REHEARING OF NO. A–15,850

BRETT, Judge.

Plaintiff in Error, Johnny Edward Thomas, filed his petition for rehearing in case number A–15,850, the decision of which was consolidated with the appeal of his co-defendant's case number A–15,852. No response has been filed to the petition, but after considering the contentions contained therein the relief prayed for is being allowed.

█ The decision rendered herein on September 1, 1971, discusses Thomas' fourth proposition, but disallowed the same; however, in the petition for rehearing plaintiff in error cites Brown v. State, Okl.Cr., 449 P.2d 274 (1968); Foster v. State, 8 Okl.Cr. 718, 130 P. 310 (1913); and Ex parte Martin, 6 Okl.Cr. 224, 118 P. 155 (1911), to support his contentions that his conviction for escape from the Oklahoma City Jail, sustained in the District Court of Oklahoma County, was a misdemeanor conviction; and consequently since both of his former convictions were misdemeanors [also, the Kansas conviction for Possession of Burglary Tools] the alleged former conviction for felonies was not sustained. Upon reconsideration we determine that his contentions are correct; and that he is entitled to further relief from the sentence imposed in the District Court of Tulsa County, Oklahoma, case number CRF–69–1791.

It is therefore the order of this Court that the sentence imposed on Johnny Edward Thomas on January 30, 1970, in case number CRF–69–1791, shall be modified to seven (7) years imprisonment, the maximum on conviction for first offense for second degree burglary, and as modified the judgment and sentence is affirmed. The penitentiary records shall be corrected to reflect this action.

BUSSEY, P. J., concurs in result.