**Charles E. FRANKS, Petitioner/Plaintiff in Error,**

**v.**

**Park ANDERSON, Acting Warden, State Penitentiary, McAlester, Oklahoma, and The State of Oklahoma, Respondent/Defendant in Error.**

**No. A–17197.**

Court of Criminal Appeals of Oklahoma.

March 2, 1972.

Henry W. Floyd, Oklahoma City, and Richard D. Stone, Waurika, for petitioner-plaintiff in error.

Larry Derryberry, Atty. Gen., Paul D. Crowe, Asst. Atty. Gen., for respondent-defendant in error.

## OPINION

SIMMS, Judge:

Petitioner was charged by information filed in the District Court of Jefferson County, Oklahoma, on September 10, 1971, with the alleged felonious "Escape From Jail By Force" in case number CRF–70–41. This offense was alleged to have occurred on December 17, 1970. Petitioner was subsequently tried and convicted by a jury on this information and on October 13, 1971, sentenced to a term of five (5) years in the custody of the State Department of Corrections: two and one-half years to be served, the balance to be suspended during good behavior. Petitioner is presently confined in the State Penitentiary at McAlester, Oklahoma.

Although this action has been filed in the Court of Criminal Appeals as an Application for Writ of Habeas Corpus, it is the unanimous opinion of this Court that the instant action be treated, inter alia, as an appeal.

It is petitioner's contention that at the time of the alleged escape from the Jefferson County Jail, he was being confined for the purpose of trial on other information, therefore, the provisions of Title 57, Oklahoma Statutes, which make escape from jail a misdemeanor apply and therefore this present confinement on a felony conviction is unlawful and invalid.

A review of the exhibits submitted in support of petitioner's contentions show that on March 20, 1970, in case number CRF–70–8, petitioner was informed against in Jefferson County for First Degree Manslaughter. Thereafter, on September 8, 1970, this information was amended to

charge petitioner with Negligent Homicide. This charge was not disposed of until January 31, 1972, upon a plea of guilty by petitioner.

On November 9, 1970, petitioner was charged in case number CRF–70–39 with the November 4, 1970, Escape from the Jefferson County Jail, which charge was, on January 20, 1972, amended to Escape from County Jail. On January 31, 1972, defendant entered a plea of guilty to the misdemeanor Escape charge and received a sentence of time already served.

We must, therefore, agree with petitioner that on October 13, 1971, when he was sentenced to the five year term of imprisonment in CRF–70–41, petitioner was committed to jail for the purpose of detaining him for trial, for the offenses of Negligent Homicide and Escape From Jail By Fraud, in case numbers CRF–70–8 and CRF–70–39.

The two statutes concerning breaking jail and escape are set forth, as follows:

Title 57, O.S.1971, § 56, provides:

"If any person who may be imprisoned pursuant to a sentence of imprisonment in the county jail, or any person who shall be committed *for the purpose of detaining him for trial,* for any offense not capital, shall break prison and escape, he shall be punished by confinement in the county jail not exceeding one (1) year, or by a fine not exceeding One Thousand Dollars ($1,000.00), or both." (emphasis added)

Title 21, O.S.1971, § 435, provides:

"Every prisoner confined in any other than the penitentiary, who by force or fraud escapes therefrom, is punishable by imprisonment in the penitentiary not exceeding two years, or in a county jail not exceeding one year, to commence from the expiration of the original term of his imprisonment."

In Brown v. State, Okl.Cr., 449 P.2d 274, 275 (1968), this Court, in construing the above cited statutes as they related to an escape charge, held:

"Therefore the sole question to be resolved in this appeal is: Was defendant confined in the county jail pursuant to a sentence of imprisonment in the county jail, or for the purpose of being detained for trial? If he was being held for either purpose, then the provisions of Title 57, of the Oklahoma Statutes, would be applicable."

Clearly, at the time of conviction and sentence on the instant escape charge, the petitioner was being detained for trial and the District Court of Jefferson County was without judicial power or authority to sentence the defendant for a felony.

By reason of the foregoing, this matter being treated as an appeal, the defendant's sentence is hereby reduced to time actually served pursuant to the judgment and sentence in CRF–70–41, and the Warden of the State Penitentiary is directed to *forthwith* release the defendant from custody.

It is further ordered that the mandate in this case issue forthwith.

BUSSEY, P. J., and BRETT, J., concur.