BACQUIE *v.* STATE.

Opinion delivered June 28, 1926.

1. INTOXICATING LIQUORS—SALE—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain conviction of selling liquors.

2. WITNESSES—IMPEACHMENT OF WITNESSES.—Under Crawford & Moses' Dig., § 4187, providing that a witness may not be impeached "by evidence of particular wrongful acts, except that it may be shown, by the examination of a witness, or record of a judgment that he had been convicted of a felony," *held* in a prosecution for selling intoxicating liquor, where accused denied having been convicted of selling intoxicating liquor, which is a misdemeanor, it was error to impeach her by proof of her having been convicted of selling same, such conviction having no relation to the offense charged.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; reversed.

*Booker & Booker,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellant was tried under an indictment containing two counts, the first charging her with selling intoxicating liquors and the second with the offense of procuring intoxicating liquors. She was convicted on the first count and acquitted on the second, and has appealed.

Mrs. Calvin Wilson, a white woman, testified that she and her daughter, Mrs. Hazel Naylor, went to the restaurant of appellant, a colored woman, and asked for some whiskey. They went back into the kitchen and told appellant that Mrs. Naylor was cramping to death, and they wanted some whiskey, and that appellant produced a bottle of whiskey, and the cramping lady and the non-cramping lady each took a drink, for which they paid appellant a dollar.

Appellant admitted the women were at her restaurant, and that they came into her kitchen and inquired for whiskey, but she denied that she sold them any, and her cook corroborated her in this denial. This conflict was, of course, a question for the jury, and the testimony is legally sufficient to support the verdict returned by the jury.

We think, however, that error was committed in the cross-examination of appellant, and that this cross-examination may have weighed with the jury in determining this conflict in the testimony. We quote from the transcript the following cross-examination of appellant:

"Q. In February, 1922, did you sell any whiskey? A. No, it was Spot McNutt. Q. In May, 1924, didn't you disturb the peace? (Objected to; objection overruled, and exceptions saved by defendant). A. I don't know that I did. Q. In January, 1922, didn't you disturb the peace? (Objected to by defendant; overruled, and exceptions saved). (No answer). Q. In April, 1925, didn't you transport whiskey? A. No. Q. In April, 1925, didn't you possess liquor for the purpose of sale? (Objected to by defendant; overruled, and exceptions

saved). A. No. Q. December 9, 1921, were you not convicted in this court for procuring liquor? A. I don't know whether I was convicted, but I paid a fine. Q. June 7, 1922, in this court you were convicted on another charge for procuring liquor? (Objected to by defendant; overruled, and exceptions saved). A. No."

After appellant had denied that she had been convicted on June 7, 1922, for procuring liquor, the attorney representing the State said: "Q. June 15, 1925, this record of the circuit court shows you were convicted for possessing liquor for sale. (Exhibiting record of circuit court). Q. Listen to these two records of conviction that I read from these records here: (Here counsel reads records of cases Nos. 21805 and 18881 as follows, to wit."

Thereafter counsel read at length from the court proceedings had on June 7, 1922, the judgment of the court in cause No. 18881, showing the trial and conviction of appellant on a charge of procuring liquor, wherein she was fined $200. Counsel for the State then read from the court proceedings had on June 15, 1925, the judgment of the court in cause 21805, wherein appellant was fined $100 for possessing liquor.

It is recited in the transcript that "defendant objects to the reading of the record of the two convictions referred to; objection overruled, and exceptions saved."

Appellant was then asked: "Q. Do you recall these transactions?" and answered: "A. No, I do not." She was then asked: "Q. Doesn't that refresh your memory, my reading these two convictions?" Appellant answered: "A. That one is the only one, only one of them; the other one was Solly Magness; he paid that fine, that wasn't my case."

In the course of the argument the attorney representing the State referred to this testimony as follows: "I have tried to show you by the evidence of other liquor transactions by the defendant that she is an old and constant offender against the liquor laws of the State." Further on in the argument the prosecutor said: "You

will see from the evidence that the defendant is not a virgin in the liquor business, judging from the number of times she has been convicted of liquor violations."

Appellant objected to these remarks at the time they were made, and her objections were overruled, and exceptions were saved.

We think this testimony was incompetent, and its prejudicial nature is shown by the use which was made of it in the argument quoted from. These judgments were read to the jury, and are copied in full in the transcript, and it appears that in the first case she was fined $200, and $100 in second. Appellant was asked specifically if she had not been convicted on June 7, 1922, but denied that she had been. The record read in evidence was, of course, a contradiction of her testimony. The date of this trial was about four years prior to the one from which this appeal comes, and there was no connection between the two offenses, and the first offense was necessarily collateral to the other.

Section 4187, C. & M. Digest, reads as follows: "A witness may be impeached by the party against whom he is produced, by contradictory evidence by showing that he has made statements different from his present testimony, or by evidence that his general reputation for truth or morality renders him unworthy of belief, but not by evidence of particular wrongful act, except that it may be shown, by the examination of a witness, or record of a judgment, that he had been convicted of a felony."

The judgments read into the record showing prior convictions were not for felonies, and the offenses upon which these prior convictions were secured have no relation to the offense charged. The court should not therefore have allowed the State to contradict the witness by proving that she had been convicted of the misdemeanors which she denied having committed. *McAlister* v. *State,* 99 Ark. 604; *Perkins* v. *State,* 168 Ark. 710; *Tullis* v. *State,* 162 Ark. 116; 7 Enc. of Evidence, page 180.

If the testimony had been competent, it would have been proper for the prosecuting attorney to comment

upon it; but its incompetency is shown by the use which was made of it. The necessary effect of the testimony was to leave the impression, not only that appellant was untruthful and therefore unworthy of belief as a witness in her own behalf, but to show also that she was an old offender or, as it was expressed in the argument, "not a virgin" in crime.

For the error in admitting this testimony the judgment must be reversed, and the cause will be remanded for a new trial.

McCULLOCH, C. J., (dissenting). The judgments of conviction were not introduced in evidence, but were merely read to appellant, as a witness, to refresh her memory. This is a technical distinction, but it is as substantial as the theory that appellant may have been prejudiced by the incident further than discrediting her as a witness, which the State had the right to do. When we look to the substance of the incident—disregarding the form in which it got to the jury—we see that appellant admitted the correctness of the record showing her conviction of two offenses. She said that one of the convictions was for her own offense, and that the other was for the offense of Solly Magness, who paid the fine. In other words, she admitted that she was twice convicted—once for procuring liquor, and the other for possessing it, but she explained by saying Solly Magness was the real offender in one of the cases. The State was bound by her answer, and the court would have so instructed the jury if so requested, but no such request was made.

It seems to me that the trial court, in substance and effect, merely followed the rule long adhered to by this court that a witness may, on cross-examination, be interrogated concerning past offenses involving moral turpitude which are calculated to affect credibility.