**Horace Taylor OLIVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45795.**

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

John G. Gilleland, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and William Burge, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The conviction is for the offense of robbery by assault. Punishment was assessed at 25 years' confinement.

Appellant alleges three grounds of error.

He first contends that the trial court erred in admitting evidence of extraneous offenses. We are referred to a portion of the record where the arresting officer testified to the circumstances surrounding appellant's arrest, some ten days after the alleged offense took place. The record reflects that this testimony was heard during a motion to suppress and was heard outside the presence of the jury. When the jury returned and the officer testified, no mention was made of another offense. At one point, the officer did start to say: "I noticed one of the subjects fitted a description of a man * * *." Even if this may be construed as an allusion to another offense, no objection to the testimony was voiced. Nothing is presented for review. See Terry v. State, 481 S.W.2d 870 (Tex. Cr.App.1972).

Appellant next alleges that the court erred in denying appellant's motion to suppress the details of the arrest. No authorities are cited. The jury heard testimony that when arrested, appellant and his companions possessed large amounts of money and were carrying weapons. Under the facts of this case, the evidence was admissible as a circumstance surrounding the arrest of appellant.

Finally, in his last ground, appellant makes multifarious allegations of error, not in accordance with Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. Nevertheless, we have examined the argument that the line-ups in this cause were conducted in an unduly suggestive manner. The trial judge held an extensive and exhaustive hearing outside the presence of the jury on this issue. Martinez v. State, 437 S.W.2d 842 (Tex.Cr.App.1969). The evidence supports his order overruling appellant's contention.

Finding no reversible error, the judgment is affirmed.