Arthur Lee BOTANY *v.* STATE of Arkansas

CR 75-34                                    529 S.W. 2d 149

Opinion delivered November 17, 1975

*Bart Mullis,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, Arthur Lee Botany, was convicted of felony murder in the shooting of K.B. Allen during the perpetration of robbery. His punishment was fixed at life imprisonment without parole. Inasmuch as a clear-cut prejudicial error requires a new trial, we discuss that point and other asserted errors that may arise upon a second trial.

The decedent was shot in the course of a robbery at his shoe shop. The information jointly charged J.C. Bell, Timothy Armstrong, Jr., and Botany with first degree murder, but Botany was tried separately. The State called Bell as a witness, who denied that he had done anything wrong or had had any part in the crime. The prosecutor was then allowed to question Bell in detail about a confession, which Bell asserted to have been the product of coercion. The State was also allowed to introduce Bell's confession, through the testimony of the officer who obtained it. That procedure was reversible error, for the reasons stated in *Lang* v. *State,* 258 Ark. 504, 527 S.W. 2d 900 (1975), and *Comer* v. *State,* 222 Ark. 156, 257 S.W. 2d 564 (1953).

We need mention the other points only briefly. The State should not have been allowed to prove that when Botany was arrested there was a pistol in the car, for that weapon had nothing to do with the offense on trial. *Rush* v. *State,* 238 Ark. 149, 379 S.W. 2d 29 (1964). Upon a retrial the defense should be permitted to show that Botany's handwriting deteriorated between the time he signed a waiver of rights and the time he signed a confession. On the other hand, there was no error in allowing the State to interrogate the defense witness Hart about the commission of misdemeanors, for no effort was

made to impeach him by proof of such convictions. *Gray* v. *State*, 253 Ark. 261, 485 S.W. 2d 537 (1972); *Bacquie* v. *State*, 171 Ark. 589, 285 S.W. 2d 18 (1926). The court may have been unduly restrictive in limiting defense counsel's *voir dire* examination of prospective jurors, but we cannot anticipate what questions will be asked upon a new trial. Finally, we must assume that there will be no recurrence of an incident in which defense counsel was perhaps criticized too severely in the presence of the jury.

Reversed.

HARRIS, C.J., not participating.

FOGLEMAN and JONES, JJ., dissent in part.

JOHN A. FOGLEMAN, Justice, concurring in part, dissenting in part. I concur in the reversal and in all of the majority opinion except that part pertaining to the admission of the pistol found in the car when Botany was arrested, because I think it was relevant as evidence of conduct, subsequent to the crime, indicative of guilt, because it had a bearing on questions of his consciousness of guilt and whether he was fleeing from justice at the time, and because it tended to connect him with the crime. It should be noted that this point was not even argued by appellant's counsel, but, of course, we are bound to review any prejudicial error.

The robbery in which K.B. Allen was killed with a firearm occurred on February 9, 1974. It was stipulated that his death was caused by gunshot wounds to his head inflicted by a .38 caliber weapon. The information charged that the weapon used was a .38 caliber pistol. J. C. Bell and Arthur Lee Botany were placed at the scene of the crime. There was considerable evidence to indicate that they were accomplices in the crime. Botany was apprehended just outside the city limits of Gould by Officers Jerry Green and Henry Tong about 10:00 p.m. on February 10, 1974. After the arrest, a gun was found on the right floorboard of the vehicle. Botany was in the right front seat when the officers stopped the car. Botany bent over with his head toward the dashboard as Sgt. Tong stepped out of his police vehicle. There was a bright

light shining on Botany. It appeared to Sgt. Tong that Botany was trying to hide something. The weapon retrieved from the floorboard was a .38 caliber Colt.

Luke Gray was the driver of the vehicle in which Botany was riding when the latter was arrested. Gray testified, without any objections having been made, that Botany had the weapon on his person when the officers stopped his vehicle and that Botany put it on the floorboard when the police turned the light on him. Two witnesses for defendant testified that they had never known Botany to carry a gun. One of these and other witnesses testified that Botany did not have a gun on the day the crime was committed. William Hart was with J. C. Bell when the latter was arrested and told Arthur Botany about the arrest. Thereafter he said he and Botany went first to Goatshed and then to Gould. They were stopped by "a state man" leaving Gould early the next morning but were allowed to proceed. This was prior to the apprehension of Botany.

Botany testified that he had obtained the pistol from "Chee Baby" by letting him have $20 in a gambling game, taking the weapon as security.

Generally, the acts and conduct of an accused at the time of his arrest and the facts and circumstances attendant thereon are admissible in evidence, if they logically tend in any degree to connect him with the perpetration of the crime or show a consciousness of guilt. *Banning* v. *United States*, 130 F. 2d 330 (6 Cir., 1942); *State* v. *McGee*, 336 Mo. 1082, 83 S.W. 2d 98 (1935); *Grigsby* v. *Commonwealth*, 302 Ky. 266, 194 S.W. 2d 363 (1946); 1 Wharton's Criminal Evidence (13th Ed.) 437, 440, §§ 209, 210; 22A CJS 472, Criminal Law § 628; *People* v. *DePompeis*, 410 Ill. 587, 102 N.E. 2d 813 (1951); *People* v. *Beltowski*, 71 Cal. App. 2d 18, 162 P. 2d 59 (1945). See also, *Lenzi* v. *State*, 456 S.W. 2d 99 (Tex. Cr. App., 1970); *Oliver* v. *State*, 491 S.W. 2d 125 (Tex. Cr. App. 1973).

It is relevant to show that after the crime the defendant had in his possession a weapon of the same kind with which the crime had been committed, or which was suitable for its commission, or that he owned or had access to a weapon with

which the crime could have been committed. *State v. Krebs,* 341 Mo. 58, 106 S.W. 2d 428 (1937); *Commonwealth v. O'Toole,* 326 Mass. 35, 92 N.E. 2d 618 (1950); *State v. McLeod,* 131 Mont. 478, 311 P. 2d 400 (1957); *Banning v. United States,* supra; *Broyles v. State,* 83 Okla. Cr. 83, 173 P. 2d 235 (1946); 1 Wharton's Criminal Evidence (13th Ed.) 440, 441, § 221; *People v. Gambino,* 12 Ill. 2d 29, 145 N.E. 2d 42 (1957); *People v. DePompeis,* supra; *People v. Beltowski,* supra. In *Silver v. State,* 110 Tex. Crim. R. 512, 8 S.W. 2d 144, 60 ALR 290 (1928), it was held that there was no error in permitting the state to prove that three pistols, one of which was .38 caliber, were found in appellant's car when he was arrested for robbery with firearms, when a .38 caliber bullet had been removed from the body of the victim. See also, *Franks v. State,* 139 Tex. Crim. R. 42, 138 S.W. 2d 109 (1940). In *State v. Long,* 195 Ore. 81, 244 P. 2d 1033 (1952), evidence that a rifle and ammunition, used by the defendant at the time of his arrest, which were of the same caliber and kind as that used to shoot and kill the victim in a murder was held admissible. If the weapon was suitable for commission of this crime, it does not matter that the state does not contend that it is the weapon used. *People v. Gambino,* supra; *People v. DePompeis,* supra; *People v. Beltowski,* supra.

It is relevant to show that, when arrested, a defendant reached for a weapon. 22A CJS 476, Criminal Law § 628; *Williams v. State,* 105 Tex. Crim. R. 22, 285 S.W. 616 (1926). The possession of a loaded weapon by one who is attempting to flee after the commission of a crime is a circumstance to be considered along with all other facts and circumstances in evidence as tending in some degree to prove a consciousness of guilt. *Martinez v. State,* 140 Tex. Crim. R. 159, 140 S.W. 2d 187 (1939). See also, *Grigsby v. Commonwealth,* supra. We have held that evidence of the conduct of an accused during the period of his flight from a crime, including any criminal conduct constituting an inseparable part of the flight, is generally admissible. *Murphy v. State,* 255 Ark. 90, 498 S.W. 2d 884. Action of one fleeing is a circumstance to be considered along with other evidence in determining probable guilt. *Rowe v. State,* 224 Ark. 671, 275 S.W. 2d 887. The possession of a weapon at the time of arrest, even though not the same type as that used in the crime, is admissible as a circumstance ten-

ding to show that the accused contemplated resisting arrest. *State* v. *Hart*, 309 Mo. 77, 274 S.W. 385 (1925).

It seems quite clear to me that the weapon found in appellant's possession was properly admitted in evidence.

I am authorized to state that Mr. Justice Jones joins in this opinion.