Maurice DERRICK *v.* STATE of Arkansas

CR 75-144                                    532 S.W. 2d 431

Opinion delivered February 17, 1976

*Erwin L. Davis,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Jack T. Lassiter,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted by a jury of possession of a controlled substance, heroin, with intent to deliver. Ark. Stat. Ann. § 82-2617 (Supp. 1975). His punishment was assessed at 30 years in the Arkansas Department of Correction. Appellant first contends for reversal that the trial court erred in overruling his motion for a continuance in order to give him sufficient time for a psychiatric evaluation. We do not agree.

Appellant was charged with the alleged offense on July 11, 1974, and the case was tried on September 27, 1974. It appears from the record that appellant was represented by employed counsel from the date of his arraignment on July 11. On the day before the trial appellant (by counsel) filed his unverified motion for a continuance alleging that on September 16, 1974, he was partially examined at a local Guidance Center for psychological and psychiatric evaluation and, further, that on September 25, or two days preceding the trial, the court had ordered that appellant's examination be completed the next day at the local center. According to appellant's unverified motion, the appellant was not transported by the officials to the center resulting in the examination not being completed. The court denied the motion for a continuance on the trial date stating "[I]t's been three months and he could have had anybody he wanted to. He is not a pauper. He can't wait until the day before the trial, and then bring up something just for the purpose of continuance. **** I've told you that you had from July the 11th

to get any psychiatrist you wanted to." He then observed that the appellant could have availed himself of psychiatric evaluation during the time he was in jail.

Appellant recognizes that the granting of a motion for a continuance is within the sound discretion of the trial court and a refusal to grant a continuance will not be reversed absent a showing of a clear abuse of discretion. *Grissom* v. *State,* 254 Ark. 81, 491 S.W. 2d 595 (1973); and *Thacker* v. *State,* 253 Ark. 864, 489 S.W. 2d 500 (1973). Ark. Stat. Ann. § 43-1705 (Repl. 1964). In the case at bar the thrust of appellant's argument is that "[T]he question here is not whether Appellant should have been examined by a psychiatrist — that was decided by the Circuit Judge in the affirmative — but whether a continuance should have been granted so that the Court's own Order could be carried out." Whenever a psychiatric examination at public expense is deemed necessary by the appellant or the trial court, the statutory standards are set forth in Ark. Stat. Ann. § 43-1301 (Supp. 1975). It does not appear that insanity was ever made an issue as is required by the statutory standards. Here it is significant that the issue was never presented by a proffer of proof. Neither did the appellant, by affidavit, indicate to the court that he was incompetent on the date of the alleged offense or incompetent to stand trial and, therefore, was entitled to a continuance. Ordinarily a motion for a continuance must be supported by an affidavit. Ark. Stat. Ann. § 43-1706 (Repl. 1964) and Ark. Stat. Ann. § 27-1403 (Repl. 1962). The record does not indicate that the court was ever apprised of the results or findings of the asserted incomplete examination. Certainly, in the circumstances, we cannot say the trial court abused its discretion by refusing a continuance.

Appellant next asserts that the trial court erred in overruling his motion for a mistrial based upon prejudicial newspaper and radio publicity. We have determined this issue adversely to appellant in *Freeman, Roland and Boyd* v. *State,* 258 Ark. 496, 527 S.W. 2d 623 (1975). These appellants were tried together with appellant here and all received thirty year sentences. There we affirmed. Appellant contends that the false publicity at the beginning of his trial that he had pleaded guilty and received a thirty year sentence

had a prejudicial effect upon the jury. Appellant argues in effect that *Freeman* is not controlling because the articles were more prejudicial to him than they were to his codefendants. The trial court carefully ascertained from the jurors, as we related in *Freeman*, that they were unaware of any news articles or comments about the trial. At appellant's request the court sequestered the jury. The following day, upon resumption of the trial, the court again ascertained from the jurors that they were not exposed to any publicity from any source about the trial. The court then offered appellant's counsel (and his codefendants' counsel) the opportunity to question the jurors or present any evidence that the jury might have some knowledge about the asserted prejudicial publicity. The offer was declined. As in *Freeman* we hold the court properly overruled his motion for a mistrial based upon prejudicial news coverage.

Neither can we agree with appellant's contention that the trial court erred in admitting into evidence two pistols which were found in the automobile occupied by appellant's codefendants at the time of the alleged offense. Appellant argues that the weapons were inadmissible as to him because they were irrelevant to the issue as to whether "he possessed Heroin with intent to sell, and could not in any way be said to be part of the res gestae of any offense committed by him." Again, this same issue was presented in *Freeman*, by appellant's three codefendants with whom he stood trial. In *Freeman* we held these weapons were part of the res gestae and pertinent evidence on the question of intent. There we said that "narcotics transactions are frequently attended by morally offensive circumstances, and immoral participants. The possession of two pistols by the appellants at the time such transaction was allegedly attempted would appear to have some probative force on the question of what business the men were about." In the case at bar, in linking appellant's participation with his codefendants, the state adduced evidence that on the day of the alleged offense, the appellant and two of his codefendants drove to Arkansas from an adjoining state in the automobile where the weapons were found. There was evidence that a brown package containing the heroin was taken from that automobile by his codefendants and then given to the appellant who was standing near-

by at a motel. Appellant immediately delivered it to an undercover agent there, where appellant was to receive $16,000 as prearranged. We need not detail further evidence since this alone is amply sufficient to demonstrate that appellant was a part of the whole transaction and, therefore, the weapons were relevant to the issue for which he was standing trial.

Appellant next contends that the nonresponsive answer of a prosecuting witness was prejudicial. This witness was asked by appellant's counsel "[W]as that the first mention of this pound of heroin?" The witness replied "[N]o, sir, when I purchased five (5) ounces of heroin off of him on June 4th he said . . . . " In our view this was proper evidence to show appellant's intent or design since it was not too remote in time from the alleged offense. *Tarkington* v. *State,* 250 Ark. 972, 469 S.W. 2d 93 (1971); *Kurck* v. *State,* 242 Ark. 742, 415 S.W. 2d 61 (1967); and *Keese and Pilgreen* v. *State,* 223 Ark. 261, 265 S.W. 2d 542 (1954). Further, in the case at bar, at the request of counsel, the court admonished the jury to disregard the answer. Appellant argues that the court, by using the words "any prior purchases" in his admonishment, commented on the evidence. We do not agree. Suffice it to say, however, there is no objection nor motion for a mistrial based upon the cautionary instruction.

Appellant's last assertion for reversal is that the trial court erred in overruling his motion for a severance. Ark. Stat. Ann. § 43-1802 (Repl. 1964) provides that "when indicted for a felony less than capital, defendants may be tried jointly or separately, in the discretion of the trial court." On appeal we do not disturb the refusal of a severance by the trial court unless there is an abuse of discretion. *Ballew* v. *State,* 246 Ark. 1191, 441 S.W. 2d 453 (1969). Here appellant argues that he could not assert his defense of entrapment. Suffice it to say the motion contained no such allegation. We have already said that the pistols were admissible against appellant as being relevant to the alleged offense. This would be true if he were granted a separate trial. Appellant has not demonstrated an abuse of discretion by the court in denying his motion for a severance.

Affirmed.