Paul LEONARD *v.* STATE of Arkansas

CR 78-148                                        582 S.W. 2d 15

Opinion delivered June 11, 1979
(Division II)

*McArthur & Lassiter, P.A.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted in the Sebastian County Circuit Court of possession of marijuana with intent to deliver, a violation of Ark. Stat. Ann. § 82-

2617, on March 29, 1978. He was sentenced to 10 years in the Arkansas Department of Correction. From the verdict and judgment appellant brings this appeal.

In cooperation with the Sebastian County sheriff a confidential informant named Paul Miller contacted appellant and arranged to purchase marijuana from him. During the course of the conversation the informant initiated a conversation as to whether or not appellant was interested in pills. This conversation, of course, had no specific relation to the agreement to sell marijuana even though it was during the same conversation that it was discussed. The recording of this conversation was introduced at the trial, and over the objection of the appellant the conversation relating to possible purchase of "pills" was presented to the jury. Appellant also requested that the jury be instructed not to consider the portion of the conversation relating to pills. The court overruled this request. Also, the state presented information showing Paul Miller, the confidential informant, had been convicted of the sale of marijuana. The information about the informant was to the effect that the informant would rendezvous with a certain party in Fort Smith in order to pick up a load of marijuana. All of the details of this transaction were given. The evidence included the fact that the informant and one Mendoza were arrested for this episode. At the time this evidence was presented the state indicated it would put on evidence showing relevancy at a later time. No such evidence was presented, unless you consider the informant's testimony that he had known appellant all his life as connecting the incident to the facts of this case. The court allowed this testimony although it admonished the prosecutor that he must tie in the testimony or run the risk of a mistrial. The testimony included the fact that the informant had been in jail for several months on a charge of possession with intent to deliver marijuana.

At the time of appellant's arrest he was asked if he had a weapon and responded in the affirmative. The weapon was delivered to the sheriff and later introduced in evidence at the trial.

Appellant contends that the pistol should not have been

introduced as it bore no relevancy to the charge of possession with intent to deliver. We have previously held that the introduction of a handgun was not prejudicial when it was found in the possession of one accused of possession with intent to deliver. *Freeman* v. *State*, 258 Ark. 496, 527 S.W. 2d 623 (1975), and *Derrick* v. *State*, 259 Ark. 316, 532 S.W. 2d 431 (1976). Appellant relies upon another line of cases wherein we held the introduction of handguns constituted error. He cites the cases of *Everett* v. *State*, 231 Ark. 880, 333 S.W. 2d 233 (1960); *Rush* v. *State*, 238 Ark. 149, 379 S.W. 2d 29 (1964); and *Botany* v. *State*, 258 Ark. 866, 529 S.W. 2d 149 (1975). We understand appellant's contention in this case because there is a rather fine line of distinction between the two types of cases. We have decided each case in the light of its relevancy to the offense committed. In *Freeman* and *Derrick* we held the handguns were relevant to show the intent to deliver when considered in view of all of the circumstances. In *Everett, Rush* and *Botany* the offenses charged were of an entirely different nature and the handguns offered into evidence under the circumstances in these cases bore no relation to the intent of the accused for the offense charged. Here we believe the reasoning in this case is controlled by the facts and is more closely related to *Freeman* and *Derrick*. Therefore, we hold there was no reversible error in admitting the handgun into evidence.

The second point appellant argues is that the portion of the tape relating to the conversation about the pills should have been deleted. The reasoning is based upon *Alford* v. *State*, 223 Ark. 330, 266 S.W. 2d 804 (1954), and other cases holding that evidence of other crimes and criminal activity is not relevant for the purpose of showing intent. Although we do not see the relevancy of the conversation about the pills, we cannot say it was prejudicial error. Rule 401, Uniform Rules of Evidence, states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

We cannot see where the testimony about the pills made

the act of possession of marijuana with intent to sell more probable or less probable than it would have been without the testimony. Nevertheless, we do not deem it prejudicial error.

The third point argued by appellant for reversal is that the court erred in admitting the testimony of past criminal involvement of the informant, Paul Miller. This appears to be a case of first impression insofar as it relates to the detailed information of the past criminal activities of a witness for the prosecution. We consider it in light of Rule 401. We fail to see the relevancy of the details of the prior criminal activities of informant Paul Miller to the case being tried. If there is any relevancy it seems to us that such relevancy would be outweighed by the prejudicial effects it likely had on the jury. Since the only purpose of the introduction of Paul Miller's past criminal activity would be to show the intent of the appellant, such relevancy escapes us. Paul Miller's past criminal activities, which did not involve appellant, simply do not shed any light on the intent of the appellant; neither do they tend to make the facts more probable nor less probable than they would be without such testimony. Under the circumstances of this case we feel this testimony, coupled with Miller's testimony that he had known appellant all his life, tends more to show the bad character of appellant than it does to prove intent. Therefore, under the circumstances of this case, we hold that such testimony was irrelevant and constituted prejudicial error. Therefore, for this reason the case is reversed and remanded for a new trial.

Reversed and remanded.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.