William DAVIS *v.* STATE of Arkansas

CA CR 79-150                     599 S.W. 2d 424

Court of Appeals of Arkansas
Opinion delivered April 30, 1980
Released for publication May 21, 1980

*Charles E. Hanks, Wyman R. Wade, Jr.,* and *Hubert L.*

*Burch,* by *Wyman R. Wade, Jr.,* for appellant.

*Steve Clark*, Atty. Gen., by: *Joseph H. Purvis*, Dep. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The main issue in this case is whether the court abused its discretion in refusing to grant a severance to one of two criminal co-defendants where their testimony was mutually antagonistic. A second question is whether the court had a duty to instruct the jury with respect to suspension of sentence. We hold there was neither a duty to sever the defendants nor to instruct on suspension of sentence.

The appellant and his co-defendant, O.D. Smith, were tried together for the offense of theft of property valued in excess of $100. The evidence showed that while the appellant and Smith were out "driving and drinking" they went to the home of Celia Burns and took a number of phonograph records, a radio, a record player and other items. They were later apprehended while still in possession of these items.

## *1. Severance*

Prior to the trial, the defendants moved for separate trials. The motion said only that it was made "for the reason that a severance is deemed necessary and appropriate to achieve a fair determination of the guilt or innocence of the defendants." A third defendant who had been charged with Davis and Smith was severed, leaving Davis and Smith to be tried together.

Davis then made a separate motion to sever, saying that there was a

> "danger that inadmissible statements of the co-defendants, making reference to each other, are likely to be offered in evidence at trial; William Davis will be deprived of his right to cross examine witnesses in violation of the Sixth Amendment to the United States Constitution, possibly the most potentially valuable witness for the defendant."

A formal renewal of the separate motion was also made before trial saying:

> This defendant, William Davis, pleads as an affirmative defense voluntary intoxication under Arkansas Statutes Annotated 41-207, as it 'negates the existence of a purposeful mental state', and that defendant Smith claimed he owned the property.

Severance was discussed among counsel and the court at the outset of the trial. The appellant's counsel made the following statement:

> Well, if Your Honor please, we had originally filed a Motion to Sever on March the 7th. Severance was denied and this date was set for trial. In going over this case, however, certain facts have developed and I am more determined that in my opinion it would be impossible for my client, William Davis, to receive a fair trial because it would appear from my investigation that the stories of the two (2) defendants, William Davis and O.D. Smith, joined here for trial, would be inconsistent. I understand I wouldn't necessarily lose my right of cross examination; however, the effect of the cross examination would be mitigated and possibly thwarted; for one reason that I anticipate, defendant William Davis will ask for the Rule, and if he asks for the Rule, of course, that won't affect Mr. O.D. Smith, who is a codefendant. Thus, whichever of these defendants takes the stand first, their story is going to have the effect of ruling out the possibility of cross examination of the other one to some extent. Further, their story, being the first the jurors will hear, would have the effect of — well, an example that we use — "inkspots in the snow" and also would give whichever defendant remaining last possibly the opportunity to modify or change his story to some extent. That might work to the benefit of my client, but it might not. So for those reasons, I believe that Mr. William Davis cannot receive a fair trial in this cause unless severed. On May 25th, I renewed my Motion for Severance, providing the Prosecutor's office and counsel for Mr. O.D. Smith with a

copy of that motion, and again, I renew it this morning. Also, in that motion I have alleged an affirmative defense. I believe that's all, sir.

In response to this statement and one made by the lawyer for Smith, the prosecutor said:

Your Honor, on behalf of State, we have no cross-implicating statements or any statement of either defendant that we plan to introduce at this time. The only statement that we have any knowledge of is that of defendant Davis to police officers to the effect he didn't know — didn't have any knowledge about the transactions in question today. So we have no statements that the State plans to introduce which would be cross implicating or cause any problems, and, of course, their right to cross examination is not denied. They still have full opportunity to cross examine the other defendant unless they refuse to take the stand. Of course, these are filed jointly; the facts are the same; same date. State feels there is no grounds for severance in this matter. If the defendants have conflicting stories as to what happened, I am not aware of them at this time. State doesn't plan to introduce any statements.

The court ruled:

Gentlemen, if the State does not desire to or intend to introduce any cross-implicating statements made by either of the defendants, I am going to overrule your motions. First, I don't think that the right of cross examination will be impaired in this matter. Each would have the right to cross examine as they would in a separate trial. Secondly, either defendant or both of them may or may not desire to testify. It's their prerogative. But should they desire to testify, the fact that their stories may be inconsistent is not, of itself, sufficient to warrant or compel a severance in this matter, and I think in the interest of keeping the docket moving, speeding the matter along, I am going to overrule your motion. Your objections will be noted.

When the state rested at the end of its case in chief, the appellant's counsel renewed his motion saying, "I will renew my motion for a severance on the grounds that I have discussed before."

As the defense testimony developed, Davis tried to put the blame for the theft on Smith and to exonerate himself by claiming Smith had told him the owner of the property had written Smith a hot check for "furniture" and he (Davis) thought he was merely helping Smith repossess his property. Smith said he did not even go into the Burns house, but that they went to the house to get whiskey from an old drinking buddy, and before he knew it, Davis was stealing the items. Smith said he only helped put them in the truck because he was afraid they might be seen if they did not leave quickly, and he intended to take the items back later.

The Arkansas Supreme Court has held that the matter of severing the trials of co-defendants lies in the discretion of the trial court, *Hallman* v. *State,* 264 Ark. 583, 575 S.W. 2d 688 (1977), and that no error will be found absent an abuse of that discretion. *Legg* v. *State,* 262 Ark. 583, 559 S.W. 2d 22 (1979). See also, A. R. Cr. P. 22.3. Although our supreme court has dealt with the severance question on many occasions,[1] we find no case where it has had to face up squarely to a motion for severance based only on "antagonistic defenses" where there are no pre-trial confessions or problems of lack of opportunity of cross examination. We might have had such a case here had the motion clearly stated the problem to the court.

In this case, neither the court nor the prosecutor had any idea what the appellant's defense or testimony would be. The closest the appellant came to explaining the problem to the court was in his statement that he intended to raise the defense of voluntary intoxication "and Smith claimed he owned the property." Smith's lawyer said the co-defendants would tell antagonistic stories, but neither he nor the

---

[1] Examples of these cases are: *Derrick* v. *State,* 259 Ark. 316, 532 S.W. 2d 431 (1976); *Brown* v. *State,* 259 Ark. 464, 534 S.W. 2d 207 (1976); *Ingrahm* v. *State,* 255 Ark. 6, 498 S.W. 2d 862 (1973); *Lewis* v. *State,* 220 Ark. 914, 251 S.W. 2d 490 (1952); and *Perkins* v. *State,* 217 Ark. 252, 230 S.W. 1 (1950).

appellant's counsel offered further explanation. From these cryptic remarks, the court could not have been expected to understand the problem.

In *Derrick* v. *State,* 259 Ark. 316, 532 S.W. 2d 431 (1976), the appellant claimed he had been unable to assert an entrapment defense because the court had refused his severance motion. The supreme court disposed of the argument by saying the appellant had not made it clear that that was the reason for his motion. In *Brown* v. *State,* 259 Ark. 464, 534 S.W. 2d 207 (1976), the supreme court said nothing "in the record" indicated the trial judge abused his discretion in refusing to grant the severance motion.

We have no choice but to view the trial court's action based on the information available to him when he made his decision. While the *Derrick* and *Brown* cases are not strong statements of the principle, we find the general rule to be that when moving for a severance the movant bears the burden at least to make clear to the court the nature of the problem he faces if the motion is not granted. *People* v. *Alvarado,* 231 C.A. 2d 789, 42 Cal. Rptr. 310 (1965); *Jones* v. *State,* 243 Ga. 584, 255 S.E. 2d 702 (1979); *State* v. *Hashimoto,* 47 Haw. 185, 389 P. 2d 146 (1963); *State* v. *Progue,* 243 La. 337, 144 So. 2d 352 (1962); *Anderson* v. *State,* 81 Nev. 477, 406 P. 2d 532 (1965); *Lewis* v. *State,* 493 P. 2d 91 (Okla. Cr App. 1971). While these cases vary in stating the lengths to which the moving party must go to place the facts before the judge (*e.g.,* statement by counsel, affidavit, etc.), they do not vary in their requirement that the court have sufficient information to form the basis of the exercise of his discretion. The appellant's counsel seemed to want the severance, but he wanted even more to hide from the court the fact which, if properly explained, might have entitled the appellant to the severance. The trial judge did not abuse his discretion.

## 2. Instruction on Suspension of Sentence

The appellant makes the unique argument that if jurors are not told about the phenomenon of the suspended sentence they may "cheat the system" and return verdicts imposing no sentence to imprisonment in cases where they find it un-

warranted. The appellant condemns this failure to permit the jurors to recommend suspension as "intellectual dishonesty." We are at a loss to see how this purported flaw redounds to the disadvantage of the accused.

It is enough to quote the following passage from *Gardner* v. *State*, 263 Ark. 739, 569 S.W. 2d 74 (1978):

> We have heretofore taken the position that the matter of suspension of sentence is to be determined by the trial court and lies within its discretion and that no statement should be made by the trial court that would lead the jury to think that a suspended sentence would be granted. *Andrews* v. *State*, 225 Ark. 353, 282 S.W. 2d 592 [1955]; *Tucker* v. *State*, 248 Ark. 979, 455 S.W. 2d 888 [1970]; *Clayton* v. *State*, 247 Ark. 643, 447 S.W. 2d 319 [1969]. We have said, however, that it was proper for the trial court to answer proper inquiries by the jury relating to the law governing recommendations of a suspended sentence. *Pendleton* v. *State*, 211 Ark. 1054, 204 S.W. 2d 559 [1947].

> We have approved proper instructions on the role of the court and jury in matters pertaining to suspension of sentences where requests for information on the subject have been made by the jury. There is no reason why questions as to probation should be treated differently. We do not approve the giving of such instructions in the absence of a request by the jury.

Affirmed.